———o———

PATRICK NAPPER, Plaintiff in Error, *vs.* WILLIAM BLANK, Defendant in Error.

1. *Bills and notes—Maker—Indorser—Demand and notice of dishonor.—*To bind an indorser on a note, due demand and notice of dishonor must be proved, but the maker therof is liable, whether there be a demand of payment or not.

*John L. Thomas & Bro.*, for Plaintiff in Error.

*Thos. C. Fletcher and Jos. J. Williams*, for Defendant in Error.

The briefs of the counsel for both parties are necessarily omitted, because the points urged therein are not discussed in the opinion of the court.

ADAMS, Judge, delivered the opinion of the court.

This was an action by the plaintiff, as holder, against the defendant, as indorser, of a negotiable promissory note.

The note, as set forth in the petition, bears date as of the 28th of June, 1870, and was made payable to the order of the

defendant, or bearer, two years after the date thereof, for four hundred and sixty dollars. The maker of the note was Wm. Rouff.

The petition alleges, that the defendant, before maturity of the note, indorsed and transferred it to one Frederick Butz ; that when the note become due and payable, on the first day of July, 1872, being the third day of grace, payment was duly demanded, and the note duly protested for non-payment, and due notice of such demand and protest given to all parties ; that after this the note was transferred to plaintiff.

The defendant by answer, denied that he indorsed the note sued on ; and he further sets up as a defense, that the note, as originally made and when indorsed by him, was dated the 26th of June, 1870, and not the 28th of June, as stated in the petition, and that the date of the note had been altered without his knowledge or consent, and that being so altered and changed it is not the note he indorsed, and is a forgery, and he is not liable thereon as indorser.

The answer also denies, that the note as indorsed by him was duly presented for payment or protested, and denies notice of a proper demand and protest.

The foregoing is about the substance of the two defenses set up in defendant's answer. The plaintiff put in a replication denying all the material allegations of the answer.

The case was submitted to a jury, and upon the trial the plaintiff was permitted to read the note in evidence, and also the notary's demand and protest, and certificate that due notice thereof had been mailed to the defendant.

The certificate of the notary proved, that the demand and protest, &c., were made on the 1st day of July, 1872, and there was no evidence offered or given to the contrary.

On the issue as to the alteration of the date of the note from the 26th to the 28th of June, 1870, both parties gave evidence to establish their respective positions.

At the close of the evidence the plaintiff asked the following instruction, which was refused by the court, and he excepted : "The court instructs the jury, that no alteration of

a note cannot affect the holder, unless it was made by his direction, knowledge or consent, and, before the jury can find for the defendant on the ground of the alteration of the date of the note, they must first find, that such alteration was made with the knowledge, consent or direction of F. Butz, the former holder, or of the plaintiff."

The court then of its own motion gave the following instruction, which was excepted to by the plaintiff: "The court instructs the jury, that if they find from the evidence, that the date of the note sued on has been changed from the 26th of June, 1870, to the 28th of the same month, and that said alteration of the date of said note was made after the defendant had assigned the note to F. Butz, they will find for the defendant, unless they find that said alteration was made by consent of defendant."

The court also gave the following instruction at the instance of the defendant, which was excepted to by the plaintiff: "If the jury find from the evidence, that the note sued on was due on the 26th day of June, 1872, then to hold the defendant by a protest, it was necessary that the same be protested within three days of said 26th day of June, 1872; and if they further find that it was not protested within the three days aforesaid, then the plaintiff cannot recover upon such protest."

The jury found a verdict for the defendant, and the plaintiff filed his motion for a new trial, which was overruled, and he excepted, and brings the case here by writ of error.

The defendant was an indorser of the note, and he can only be held liable as such when due demand was made at maturity of the note, and due notice given of such demand and refusal to pay. There is nothing in this case, as alleged in the petition or as offered in proof, to show that there was any waiver of due demand and notice; nor was any excuse alleged or given for not making the demand on the day the note matured, if it was actually dated the 26th of June, 1870. The plaintiff predicates his case on the presumption, that the note was, in fact, dated on the 28th and not on the 26th of June,

1870, and that it matured on the first day of July, 1872, when demand and notice were given. He must stand or fall by the case as he has made it in his petition. He asks, however, by his instruction, to be allowed to recover on a note of the actual date of the 26th of June, 1870, if altered to the 28th, without his consent. Now, if the note bore date the 26th of June, his demand and protest were too late by two days to hold this indorser. If he was suing the maker instead of an indorser, his instruction might have been given, because the maker of a note is liable whether there be any demand of payment or not. His instruction is also erroneous on its face in using the word "cannot" instead of "can." This may have been a clerical error in copying it into the transcript; as it stands before us, it has no meaning. I, therefore, pronounce upon it as though it was correctly copied. Under the evidence and pleadings no error was committed in refusing this instruction.

The instructions of the court, on its own motion, and at the instance of the defendant, presented the case as it stood on the two issues fairly to the jury. There are some verbal inaccuracies in them, but not sufficient to mislead. Upon the whole case I think the verdict was for the right party.

Judgment affirmed. The other judges concur.