STATE OF MISSOURI, Appellant, *vs.* HENRY C. CLARKSON, Respondent.

1. *Indictment—Appeal of State—Failure to recognize or commit defendant—Effect of.*—Where the State appeals from a judgment quashing an indictment, it is the duty of the court, in which the cause is pending, either to recognize the defendant for his future appearance or commit him in the same manner as if he were appellant (Wagn. Stat., 1114, § 15). But if the court neglects this requirement, the proceeding will not for that reason be dismissed. The only result will be that the prosecutor will be put to the trouble and expense of procuring the re-arrest of the defendant if he can be found.

2. *Indictment against County Treasurer for converting fund for payment of interest on railroad township bonds—What averments sufficient—Constr. Stat.*—An indictment brought under the statute of 1870 (Ad. Sess. Acts 1870, pp. 29, 30; Wagn. Stat., 459-60, § 41) against a County Treasurer, for converting, to his own use, the fund for payment of interest on railroad bonds issued by a township, need not allege in what manner the conversion was effected. But where the indictment charges the officer with using the fund " by way of investment" etc., these particular acts must be set out.

And the indictment is not bad, because it charges that the money converted was township property. Although the township could not make independent contracts and be bound in its separate capacity, it was nevertheless a legal sub-division of the county, an organization for certain municipal purposes; the subscriptions were essentially township subscriptions, and the bonds township bonds; and the money was raised from taxes on township property. The County Court was nothing more than an agent for the township, to carry out the law.

### *Appeal from Linn Circuit Court.*

*C. Boardman, with John A. Hockaday, Att'y Gen'l,* for Appellant.

I. The court erred in quashing the first count in the indictment, the offense being charged in the language of the statute (Wagn. Stat., 459, 460, § 41), and a statutory offense, it is not necessary to state the manner or means of the alleged conversion. (Whart. Am. Crim. Law, 3d Ed., ch. 5, pp. 185-6; State vs. Mitchell, 6 Mo., 147; Spratt vs. State, 8 Mo., 247; State vs. Fulton, 19 Mo., 680; State vs. Cox, 29 Mo., 475.)

II. If the funds were for the purpose of paying the interest on the railroad bonds of Jefferson Township, they were properly designated in the 2nd count as the property of said township. (State vs. Cunningham, 51 Mo., 479.) As to

the right of the township to subscribe stock to railroads (Wagn. Stat., pp. 313–15). Notice of the prosecution of this appeal has been given him.

*Geo. W. Easley, with Alex. W. Mullins,* for Respondent.

I. This appeal should be dismissed because the defendant was not either committed or recognized by the court below. (Wagn. Stat., 1114, § 15.) This court cannot acquire jurisdiction over the person of the defendant, nor can he have notice of the appeal otherwise than by such commitment or recognizance.

There is no machinery provided for the re-arrest; while the State does make provision for re-arrest in case the defendant forfeits his recognizance. (Wagn. Stat., 1115, § 23.) The law did not intend that in case of appeal by the State, and reversal, it should take the risk of his escape.

II. The indictment must charge the manner and means of conversion.

III. The indictment should be quashed because it charges the money to be the property of a municipal township. Under the statute the funds collected for the payment of interest, would be the property either of the county of Linn or of the bond holder, and could not belong to the township because it had no separate existence.

WAGNER, Judge, delivered the opinion of the court.

This was an indictment under the statute (Wagn. Stat., 459, § 41, Ed. 1872) for embezzlement, against the defendant who was Treasurer of Linn county.

The indictment contained two counts. The first count set out the election and qualification of the defendant, as Treasurer, and alleged that, as such Treasurer, he was charged with the safe keeping, transfer and disbursement of the public moneys of the county; and while being such, he unlawfully, corruptly, wilfully, knowingly and feloniously did convert to his own use, a portion of the public moneys received by him as Treasurer for safe keeping, transfer and disbursement.

State v. Clarkson.

The second count charged that the defendant as Treasurer had the safe keeping, disbursement and transfer of the ordinary funds for the payment of the interest on the railroad bonds of Jefferson township, in the said county; and that as such Treasurer it was made his duty to safely keep and disburse the public money of the county including the fund for the payment of interest on the railroad bonds, and while being such Treasurer, he did unlawfully, wilfully, knowingly, corruptly and feloniously convert to his own use, a portion of the fund for the payment of said interest, the same being the property of said Jefferson township.

A motion was made to quash both counts of the indictment. In reference to the first count, the reasons assigned were: First, that the offense attempted to be charged was not in the language of the statute; and, Secondly, that the count did not set out the manner or means of the alleged conversion. The same grounds were alleged against the second count, and an additional reason was assigned against its validity, namely, that the property alleged to have been converted, was charged as being the property of Jefferson township, a body that had no authority, under the law, to own or hold property.

The motion to quash was sustained and the State appealed.

It seems that when the motion to quash was sustained, and the State took its appeal, the court did not recognize the defendant to appear upon the final determination of the cause in this court, nor did it commit him; and a motion is now made to dismiss the appeal for that reason.

The statute, after giving the State the right to appeal in such cases, provides that if an appeal be granted, the court below shall order the defendant to be committed or recognized, and the recognizance shall be to the same effect as the recognizance required where the defendant himself is appellant; and the party, if committed, shall be held in custody until the judgment of the Supreme Court shall have been passed on the case, to abide such judgment. (Wagn. Stat., 1114, § 15.)

Where the State appeals from a judgment quashing an indictment, it is the duty of the court in which the cause is pending, to either recognize the defendant for his future appearance, or commit him in the same manner as if he were the appellant. But if the court neglects or omits this plain statutory requirement, it does not thence follow that the State is to be deprived of the benefit of prosecuting its appeal. The only effect is that, upon a reversal, the prosecutor would be put to the trouble and expense of procuring the re-arrest of the defendant, if he could be found, when, if the court had pursued its line of duty and followed the law, he would have been already apprehended, or recognized to appear.

The motion to dismiss must therefore be overruled.

The section of the statute upon which the indictment was drawn, was adopted in 1870, and is as follows: "If any officer, appointed or elected by virtue of the constitution of this State, or any law thereof, including as well all officers, agents and servants of incorporated cities and towns, as of the State and counties thereof, shall convert to his own use in any way whatever, or shall use by way of investment in any kind of property or merchandise, or shall make way with, or secrete, any portion of the public moneys, or any valuable security by him received for safe keeping, disbursement, transfer, or for any other purpose, or which may be in his possession, or over which he may have the supervision, care or control, by virtue of his office, agency or service, every such officer, agent or servant, shall, upon conviction, be punished by imprisonment in the penitentiary not less than five years."

It will be observed that the first clause of this section describes the ordinary elements of the offense of embezzlement. Then follow certain alternative provisions which, being committed, may constitute that crime. The section applies the law to a new class of persons, and declares that if they convert to their own use, in any manner whatever, the moneys or securities there spoken of they shall be guilty. When they have made the illegal or unlawful conversion, the elements of the offense are complete, no matter by what means they have

accomplished the object. Thus far the offense is like the previous statutory regulations in regard to embezzlement. But a further and distinct ingredient is introduced. If the officer, agent or servant having the supervision, care or control of the money or security shall use the same by way of investment in any kind of property or merchandise, or shall make way with or secrete the same, he is also made guilty of the offense. An indictment therefore may be predicated on either of these provisions.

Where there is criminal conversion which would constitute ordinary embezzlement, it is not necessary to allege in what manner that conversion was affected. But if the indictment is drawn on the latter clause of the section, then it must be stated that the conversion took place in the manner pointed out in the statute, that is, by way of investment in property or merchandise, etc. This clause is not connected with the prior part of the section. It transfers into a felony what was previously a cause for a civil action. The manifest conclusion is, that the court erred in quashing the first count.

Nor is the action of the court sustainable in quashing the second count. It is true that the township had no power to make independent contracts and be bound in a separate capacity; but it was nevertheless a legal sub-division of the county —an organization for certain municipal purposes. The law under which the indebtedness accrued, for which the money was paid, to satisfy the township interest on its subscription to stock, was not a county liability. The name of the county was made use of as a medium; but the township was exclusively required to provide for the payment of the interest and principal. The subscriptions were essentially township subscriptions, and the bonds issued were township bonds to all intents and purposes, and the County Courts were merely made use of as agencies to effectuate and carry out the objects of the law. (State, etc., vs. Linn County Court, 44 Mo., 504.)

The money, it is alleged, came into the hands of the defendant to pay the interest on the township bonds; it was

raised from taxes assessed on township property; and it was properly charged as township property.

Wherefore it results, that the judgment should be reversed and the case remanded, all the judges concurring.