CYRIL S. CARPENTER, surviving partner, *vs.* JOHN McLAUGHLIN.

In Rhode Island, one who indorses a promissory note payable to another before its issue is liable to the payee as a joint maker.

This liability is not modified by the fact that the payee knew the relation between the maker and indorser to be one of suretyship.

Such an indorser is not entitled to notice of dishonor.

Nor is he discharged by the payee's delay in making demand on him, although he has through such delay lost all chance of indemnity from the maker.

DEFENDANT'S petition for a new trial.

*February* 22, 1879. DURFEE, C. J. This is a petition for the new trial of an action on a negotiable promissory note, dated May 27, 1871, for $380.10, made by one Michael Phalen, payable four months after date to the order of the plaintiff's firm at bank. The note was a second renewal of a note given for a balance due for materials sold by the plaintiff's firm to Phalen, and the defendant wrote his name upon the back at the time it was made and before it was delivered. The note was not paid at maturity, was not protested, and no notice was given the defendant of its non-payment.

On trial to the jury the defendant offered to prove that the plaintiff knew when he received the note that he the defendant was in fact surety for Phalen, and that if he had been notified of the non-payment by Phalen, he could have secured himself, inas-

much as Phalen then had ample property, and that when some five years afterwards, he was called on for payment, Phalen had become insolvent, so that by reason of the delay and the omission of notice, he had lost his opportunity of indemnity.

The court ruled that the facts which the plaintiff offered to prove, would, if proved, constitute no defence.  The jury returned a verdict for the plaintiff for $121.50.  The defendant petitions for a new trial for error in the ruling.

It has been decided in this State that a person who indorses a note payable to another at the time it is made, is to the payee a joint and several promisor with the maker, although but a surety as between himself and the maker, and that he is not entitled to notice of non-payment by the maker to charge him with liability. *Mathewson* v. *Sprague*, 1 R. I. 8; *Perkins* v. *Barstow*, 6 R. I. 505; *Manuf. & Merchant's Bank* v. *Follett*, 11 R. I. 92.  It is not intimated, in either of the cases above cited, that it would make any difference to the rule, if it were proved that the payee knew, when he received the note, that the person so indorsing it was in fact, as between himself and the maker, only a surety; but, on the contrary, in *Mathewson* v. *Sprague*, it is taken for granted that any person who signs his name across the back of a note, the face of which is signed by another, is a surety for the latter.  And, in our opinion, such a person remains an original promisor to the payee, directly and primarily liable to him, notwithstanding the payee's knowledge of his suretyship, and is not, merely because of such knowledge, entitled to notice of non-payment by his co-promisor. *Bond* v. *Storrs*, 13 Conn. 412; *Hunt* v. *Adams*, 5 Mass. 358; *Union Bank of Weymouth* v. *Willis*, 8 Met. 504; *Inkster* v. *The First National Bank of Marshall*, 30 Mich. 143; *Bryant* v. *Eastman*, 7 Cush. 111.

In the case at bar, however, there was not only no notice given of non-payment by the principal maker, either when it first occurred or subsequently, but there was a delay of several years in making demand for payment on the defendant, whereby the defendant has lost his opportunity of indemnity; and the question is whether this, taken all together, is not such *laches* and delinquency as releases the defendant from his liability.

We think the question must be answered in the negative.  It is the business of the surety, being maker as well as surety, to

see to it that the note is paid. He cannot lie by until his principal becomes insolvent and then throw the loss upon the creditor. A mere omission to notify the surety of the principal's default, in the absence of any·special obligation to notify him, or a mere delay or omission to sue the principal, in the absence of any binding contract to delay or omit to sue him, or any request by the surety to sue him, will not release the surety, even though, in consequence of his reliance upon the diligence of the creditor, he loses his opportunity for indemnification. *Hunt* v. *Bridgham*, 2 Pick. 581 ; *Allen* v. *Brown*, 124 Mass. 77 ; *United States* v. *Simpson*, 3 Pa. 437 ; *Price* v. *Kirkham*, 3 H. & C. 437.

The defendant refers to *Carpenter* v. *King*, 9 Met. 511, and *Horne* v. *Bodwell*, 5 Gray, 457. There was in both those cases something more than mere delay or passivity on the part of the creditor. In the first case the surety was informed by the creditor that he had been paid, and relinquished security which the principal had given him in consequence. In the second case the creditor extended the time of payment, without the surety's consent, by a binding agreement with the principal. The cases differ materially from the case at bar. In *Horne* v. *Bodwell*, the court says that a mere omission to sue the principal, in the absence of any binding contract for an extension of credit, will not discharge a surety.

A new trial must be denied and judgment entered for the plaintiff on the verdict.             *Petition dismissed.*