CHARLOTTE ANN ADAMS v. HACKENSACK IMPROVEMENT
COMMISSION.

1. In an action on an obligation for the payment of money which is made payable at a designated place, presentment for payment at the place named need not be averred in pleading nor proved at the trial. If the obligor had the money to pay the obligation at the place named for payment at the time it became due, he may plead that fact as a tender in exoneration of interest and costs of suit, provided he makes his tender good by payment of the principal into court, but he cannot set up his readiness to pay at the designated place as a complete defence in bar of the suit.

2. Naming a bank as the place of payment of a promissory note, bill of exchange, or other obligation, does not make the bank an agent for the collection of the paper or the receipt of the money due on it; and the debtor cannot make the bank the agent of the holder by depositing with it the funds to pay the paper.

3. If maturing paper be left at the bank for collection, the bank becomes the agent of the holder to receive payment. But unless the bank has been made the agent of the holder by endorsement of the paper or the deposit of it for collection, any money which the bank receives to apply in payment of it, will be deemed to be money taken by the bank as the agent of the payor, and the loss sustained by the failure of the bank with the funds so deposited in hand will be the loss of the payor.

4. The Hackensack Improvement Commission was incorporated and authorized to construct sewers in the village of Hackensack, and to issue bonds to provide for the expenses. It issued a number of bonds, which were made payable at the Bank of Bergen County in five years, with interest. Three of these bonds were taken by the plaintiff. Before the plaintiff's bonds became due, the commission deposited with the bank a sum of money sufficient to pay the plaintiff's bonds, as well as all of the bonds maturing at the same time. This money was deposited to the credit of the Hackensack Improvement Commission on "sewer bond account," and the officers of the bank were authorized to pay said bonds on presentation. The plaintiff had no knowledge of this arrangement, or other information as to the method of payment, except that the place of payment was mentioned in her bonds. The bank was solvent at the time the plaintiff's bonds became due. Subsequently it became insolvent, with sufficient of the funds still on deposit to pay the bonds. The plaintiff's bonds were not left with the bank for collection, nor were they presented for payment until after the failure of the bank. In an action on the bonds—*Held*—

1. That the bank was not the agent of the plaintiff for the purpose of receiving payment of the money due to her upon her bonds; and
2. That the obligors must bear the loss arising from the failure of the bank.

On error to Bergen Circuit Court.

The plaintiff in error brought suit on three bonds issued by the defendant in error in the following form :

THE HACKENSACK IMPROVEMENT COMMISSION.
No. 29.                                                    $500.

Know all men by these presents, that "The Hackensack Improvement Commission" acknowledges itself indebted for value received to Charlotte Ann Adams or assigns, in the sum of five hundred dollars, lawful money of the United States of America, to be paid to the said Charlotte Ann Adams or assigns, at the Bank of Bergen County, at Hackensack, N. J., in five years from the date hereof, with interest thereon at the rate of seven per cent. per annum, payable semi-annually on presentation and surrender of the coupons hereto annexed. This bond is issued under and by virtue of an act of the legislature of the State of New Jersey, entitled "A supplement to an act entitled 'An act to incorporate the Hackensack Improvement Commission, approved April 1st, 1868,' approved March 31st, 1869."

In witness whereof the Hackensack Improvement Commission has hereto set its corporate seal, and caused these presents to be signed by its president and secretary on the first day of November, 1875.

GEO. J. ACKERMAN, *Secretary.*          [L. S.]
JOHN J. ANDERSON, *President.*

The case was tried on the following statement of facts :

It is admitted that said bonds were regularly and legally issued, and were valid obligations of the defendant.

Previous to the 1st day of November, 1880, the defendant placed on deposit in the said Bank of Bergen County a

sum of money sufficient to pay these bonds, as well as other bonds of the defendant maturing on that date; said money was deposited to the credit of the Hackensack Improvement Commission "sewer bond account," (the bonds in suit being sewer bonds.)

The officers of the bank were authorized by the defendant to pay said bonds upon their presentation at said bank. The plaintiff had no knowledge of this arrangement, or other information as to the method of payment, except such as was contained in the bonds.

The bonds were not presented for payment until after the suspension and insolvency of the bank, which occurred on November 11th, 1880. Sufficient funds remained in said deposit for the purpose of paying said bonds, until and at the time of the suspension of said bank, at which time the Chancellor declared said bank insolvent, and appointed a receiver thereof.

If the loss arising from the insolvency of the bank is in law to be charged against the plaintiff, it is to be regarded for the purposes of this suit as a total loss.

On these facts the court gave judgment for the defendant. Whereupon the plaintiff sued out this writ of error.

For the plaintiff in error, *William M. Johnson.*

*Contra, Ackerson & Van Valen.*

The opinion of the court were delivered by

DEPUE, J.  Presentment of commercial paper for payment at the time when and place where payable is necessary to fix the liability of the endorser, for the contract of endorsement is a conditional contract to pay in case presentment and demand of payment are duly made, and the endorser have due notice of dishonor. The liability of the maker of a check is also a conditional liability, and, as a general rule, the money is not due from him until payment has been demanded of the drawee and refused. Demand of payment of the drawee

being necessary as a matter of averment and proof, to fix the liability of the maker of a check, if demand of payment of the drawee be unreasonably delayed, and, in the meantime, the drawee fails with the money of the maker in hand sufficient to pay the check, the maker will be discharged by the laches of the holder. *Taylor* v. *Sip*, 1 *Vroom* 284.

Whether an acceptance payable at a particular place, or what is the same thing, a promissory note payable at a particular place, is or not a conditional contract, is a question that gave rise to much discussion in the English courts. The Court of King's Bench held that such an acceptance was not conditional; that it was a contract to pay generally. The Court of Common Pleas held otherwise. Finally, the House of Lords, in 1820, in Rowe *v.* Young, decided in accordance with the decisions of the Common Pleas—reversing the judgment of the King's Bench—that an acceptance, payable at a particular place, of a bill drawn generally, was a conditional contract, and that in a suit against the acceptor presentment at the appointed place must be averred in pleading and proved if put in issue. 2 *B. & B.* 165. Soon after this decision, 1 and 2 *Geo. IV., c.* 78, (July 2d, 1821,) was passed, which enacted that an acceptance "payable at the house of a banker or other place," should be deemed a general acceptance, unless the words "and not otherwise or elsewhere" were added. Since this act, the English courts have held that a bill drawn payable at a particular place and accepted generally, need not be presented at that place in order to charge the acceptor, though it must be to charge the drawer or endorser. 1 *Am. Lead. Cas.* 456, (364.)

In 1827, the Supreme Court of this state, following the decision of the King's Bench in Rowe *v.* Young, held that in an action against the maker of a promissory note, made payable at a particular place, averment of presentment was not necessary to the validity of the declaration, nor was proof thereof requisite at the trial. *Weed* v. *Van Houten*, 4 *Halst.* 189. By the decision in Weed *v.* Van Houten, which is in accordance with the almost uniform course of decision in the

courts of this country, it became the settled law of this state that the liability of the maker of a note payable at a particular place, or of the acceptor of a bill so payable, is not a conditional liability depending upon presentment and demand of payment at the place where the note or bill was made payable, but is an absolute liability to pay generally.

The cases, however, agree that if the acceptor of the bill or maker of the note had funds at the appointed place to pay the bill or note, the fact that the bill or note was not presented there for payment is a matter of defence. The material question is as to the nature and extent of the defence that may be made under such circumstances. Professor Parsons states the rule to be that such a defence is no bar to the action, and goes no further than in reduction of damages, and in prevention of costs; placing such a defence on the footing of a tender which, if accompanied by a continued readiness to pay at the designated place, and payment into court, will have the legal effect of a tender in relieving the payor from interest and costs of suit. 1 *Parsons on Bills and Notes* 309. On the other hand, Mr. Justice Story says that if the acceptor or maker has sustained any loss or injury by the want of due presentment, he will be discharged to the extent of that loss, and that if the bill or note be payable at a bank, and the acceptor or maker had funds there at the time, which are lost by the subsequent failure of the bank, he will be exonerated to the extent of the loss or injury sustained. *Story on Promissory Notes*, §§ 227, 228.

The cases cited by Mr. Justice Story are *Rhodes* v. *Gent*, 5 *B & Ald.* 244, and *Turner* v. *Hayden*, 4 *B. & C.* 1; and reference is made to *Wallace* v. *McConnell*, 13 *Pet.* 136. In Rhodes *v.* Gent the question did not arise. The banker had not failed. The case was tried after the decision in Rowe *v.* Young, and before 1 and 2 Geo. IV., and the court held only that the acceptor had suffered no inconvenience from delay in presentment, and therefore was not discharged. Turner *v.* Hayden, as will be seen presently, holds the reverse of the doctrine for which it is cited. In Wallace *v.* McConnell the

ruling of the court was, that in an action against the acceptor
of a bill or maker of a note, payable at a specified time and
place, it was not necessary to aver or prove presentment, and
that a readiness to pay at the time and place designated was
a matter of defence; and the court cited with approbation
*Caldwell* v. *Cassidy,* 8 *Cow.* 271, in which it was held that a
plea by the maker of a promissory note, that he was ready
and willing to pay the money at the time and place mentioned
in the note was not good, unless the money he brought into
court as on an ordinary plea of tender.

I have found only two cases in the English courts in which
the precise question raised by this writ of error has been pre-
sented, *Sebag* v. *Abitthol,* 4 *M. & S.* 462, and *Turner* v. *Hay-
den,* 4 *B. & C.* 1. In Sebag *v.* Abitthol, the acceptance was
on a bill payable at a banker's. It became due March 1st,
1812; it was never presented, and the banker became bank-
rupt in November, 1814. The acceptor had funds with the
banker at the time the bill became due, and up to the time
of the bankruptcy, more than sufficient to pay the bill. Pay-
ment of the bill was resisted on the ground of the laches of
the holder and the loss by the acceptor of the money he had
provided for its payment by the banker's failure. The bill
had been lost, and the acceptor had notice of the loss. The
court disposed of the defence on both grounds, and held the
acceptor liable. Lord Ellenborough said: " Laches is a
neglect to do something which by law a man is obliged to do.
Whether my neglect to call at a house where a man informs
me that I may get the money amounts to laches, depends
upon whether I am obliged to call there." This case I con-
sider in point, for it was decided before the decision of the
House of Lords, in Rowe *v.* Young; and the King's Bench
always held that an acceptance payable at a particular place,
bound the acceptor to pay generally and universally, and that
there was no occasion to make a demand at the particular
place in order to found a right of action on the acceptance.
*Fenton* v. *Goundry,* 13 *East* 459, 469. Turner *v.* Hayden was
decided in 1825, and after 1 and 2 *Geo. IV., c.* 78, was

passed. It was an action against the acceptors of two bills of exchange which were accepted, payable at Marsh & Co.'s, Berners street, and becoming due, respectively, on the 21st and 31st of August. Marsh & Co. stopped payment on the 13th of September. The bills were never presented at their banking-house. At the time the bills became due, and thenceforth until the failure of the bankers, the acceptors had a balance in the hands of the bankers, exceeding the amount of the bills. The acceptors contended that they were not liable, as they had sustained a loss exceeding the amount of the bills in consequence of the laches of the plaintiff in not presenting them within a reasonable time after they became due. The Lord Chief Justice Abbott overruled the defence and directed a verdict for the plaintiff, and his ruling was sustained *in banc*, on the ground that the holder was not bound to present the bills at the place where they were payable, and therefore was not guilty of laches in omitting to do so.

The cases in the American courts in which funds deposited by the acceptor or maker with the banker at whose place the paper was payable, to meet it at maturity, have been lost by the failure of the banker—the bill or note not having been presented for payment—are few, though the *dicta* on that subject are quite numerous. In *Lazier* v. *Horan*, 55 *Iowa* 75, it was held that where the maker of a note payable at a bank, before the note became due left with the bank the money to pay it, and the bank, sometime after the maturity of the note, failed—the note not having been presented for payment—the deposit was a complete defence to the note. This case was decided entirely on the authority of the passage from Story on Promissory Notes, § 229, above referred to. No cases were cited in support of the proposition announced, nor was the attention of the court called to Sebag v. Abitthol, or Turner v. Hayden. Indeed, the learned judge who prepared the opinion conceded that no authority was cited to sustain the views expressed by Mr. Justice Story, and he added that no case announcing the opposite view had been cited.

In *Wood* v. *Merchants' Saving Co.*, 44 *Ill.* 267, the action was against the maker of a note payable at the banking-house of J. G. Conrad, Chicago. The note became due on the 29th of September, 1864, and at that time the maker of the note had on deposit with the banker funds sufficient to pay the note. The note was presented on the day it was due, and marked good by the teller, and taken from the bank without the money. On the 30th of September the banker failed, the money standing to the maker's credit not having been withdrawn. The court held the maker liable on the note. On the point for which this case is referred to, the court held that the making of a note payable at a bank did not amount to an agreement that the maker might deposit the amount of the note in the bank, and thus discharge his obligation and cast the risk upon the holder.

*Ward* v. *Smith*, 9 *Wall.* 447, is very much in point. The suit was on three bonds, dated August 22d, 1860, payable in six, twelve and eighteen months, at the Farmers' Bank of Virginia. The obligee deposited with the bank one bond for collection, and retained the others in his possession. The obligor made a deposit with the bank to the credit of the obligee, in notes of different banks in Virginia, the nominal amount of which exceeded the balance due on the bond left with the bank. The court held that with respect to the two bonds that were not in the bank, the bank was not the agent of the obligee; that in receiving the money the bank was agent of the obligor; that the obligor, by depositing the money to the credit of the obligee, could not make the bank the agent of the latter, and that the loss arising from the subsequent depreciation of the notes must be adjusted between the bank and the depositor, and could not fall upon the holder of the bonds.

*Williamsport Gas Co.* v. *Pinkerton*, 95 *Penna. St.* 62, is a case directly in point. There, the action was upon a coupon for interest on a bond given by a corporation, and payable at the banking-house of Kirk, McVeigh & Co., West Chester, who were subsequently incorporated under the name of the Bank

of Brandywine. The coupon was for interest due on the 1st of December, 1875. On the 29th of November, 1875, the gas company remitted to the banking-house the funds necessary to pay the interest coming due on the 1st of December, which were credited on the books of the bank in the name of "Interest, Williamsport Gas Loan." The bank paid all coupons presented up to December 22d, 1875, and on that day suspended payment, with a balance of the money so deposited still in hand, more than sufficient to pay the plaintiff's coupon. The plaintiff's coupon was never presented at the bank. The court held that there was no obligation on the holder of the coupon to present the same and demand payment of it within a reasonable time; that the bankers at whose place it was made payable were the agents of the obligors, and that the holder of the coupon was not responsible for the loss, and judgment was given in his favor.

I think those cases which affirm the continuing liability of the maker, acceptor or obligor on paper made payable at a banker's where the debtor had provided funds for payment at maturity, which the holder might have received if he had demanded payment when due, and which were lost by the subsequent failure of the banker, were correctly decided. Emancipated from the doctrine of Rowe v. Young, that the contract to pay at a particular place is a conditional contract, the question becomes simply one of agency. As the custodian of the money wherewith to pay, whose agent is the banker?

The contract of the maker, acceptor or obligor is to pay the holder of the paper, and the place for payment is designated simply for the convenience of both parties. Making a bill or note payable at a banker's, is authority to the banker to apply the funds of the acceptor or maker on deposit to the payment of the paper. 1 Daniel's Neg. Inst. 326 a. If maturing paper be left with the banker for collection, he becomes the agent of the holder to receive payment; but unless the banker is made the holder's agent by a deposit of the paper with him for collection, he has no authority to act for the holder. The naming of a bank in a promissory note as the place of pay-

Adams v. Hackensack Improvement Commission.

ment, does not make the banking association an agent for the collection of the note or the receipt of the money. No power, authority or duty is thereby conferred upon the banker in reference to the note; and the debtor cannot make the banker the agent of the holder by simply depositing with him the funds to pay it with. Unless the banker has been made the agent of the holder by the endorsement of the paper or the deposit of it for collection, any money which the banker receives to apply in payment of it will be deemed to have been taken by him as the agent of the payor. 1 *Daniel's Neg. Inst.* 326; *Hills* v. *Place*, 48 *N. Y.* 520. Such a deposit, without some act of appropriation by the banker, does not create any privity of contract as between the banker and the holder of the paper. *Hill* v. *Boyds*, *L. R.* 8 *Eq.* 290; *Johnson* v. *Roberts*, *L. R.*, 10 *Ch. App.* 505; *Barned's Banking Co. In re Massey*, 22 *L. T.* (*N. S.*) 853; *Bank of Republic* v. *Millard*, 10 *Wall.* 152. The only effect of the payor having the money at the bank where the paper is payable is, that it will enable him to plead a tender in exoneration of interest and costs of suit, provided he makes his tender good by payment of the principal into court. *Caldwell* v. *Cassidy*, 8 *Cow.* 271; *Haxton* v. *Bishop*, 3 *Wend.* 13; *Carley* v. *Vance*, 17 *Mass.* 389; *Ward* v. *Smith*, 7 *Wall.* 447; *Wood* v. *Mechanics', &c., Co.*, 41 *Ill.* 267; 1 *Am. Lead. Cas.* 478.

The judgment should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, KNAPP, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, GREEN, KIRK, PATERSON, WHITAKER. 15.