### CASHION GIN CO. v. REISCH.

No. 19118.   Opinion Filed May 6, 1930.

Rehearing Denied July 8, 1930.

Commissioners' Opinion, Division No. 2.

S. A. Horton, for plaintiff in error.

E. M. Bradley, for defendant in error.

EAGLETON, C. Otis Reisch brought suit against Cashion Gin Company to recover on two negotiable instruments which were different in date and amount, but identical in terms. One of them is:

"Cashion, Okla., 11-11-26 No. 1434

"On demand after date pay to the order of myself Otis Reisch $119.51

"One Hundred Nineteen and 51/100 Dollars at the office of the Farmers State Bank, Cashion, Okla., for 6290 No. snap cotton sold to drawee with interest thereon at 8 per cent. after maturity.

"(Signed) Otis Reisch.

"To Cashion Gin Company,
"Cashion, Oklahoma.
"(Indorsed on the face):
"Accepted 11-11-1926

"This obligation arises out of the actual purchase of goods from the drawer. Cashion Gin Company.

"(Signed) By H. C. Johnson."

The facts are that plaintiff sold and delivered cotton to the defendant at Cashion and received on each sale one of the instruments as shown above. The plaintiff took the instruments and deposited them with his bank, the Bank of Navina, at Navina, Okla., for collection within a reasonable time thereafter. Before these instruments had been cleared through the channels through which they were forwarded by his bank, his bank was closed by the Bank Examiner, and a liquidating agent placed in charge. The plaintiff, in order to avoid having the sums due on these instruments placed in the closed bank whence he could not obtain the money, talked to one of the partners of the Cashion Gin Company as to ways and means of recovering the instruments, without having them paid, that he might present them for payment in person and get the cash. Pursuant thereto, he, the plaintiff, caused the Farmers State Bank of Cashion, Okla., at which these instruments were payable, to return them to the Bank of Navina without payment, and the Farmers State Bank, when the instruments arrived, protested them and returned them to the Bank of Navina. The plaintiff then obtained the instruments from the Bank of Navina, but before he could present them to the Farmers State Bank of Cashion for payment, that bank also was closed by the Bank Examiner, and a liquidating agent placed in charge. The instruments were not paid, and on presentation and demand by him made to the Cashion Gin Company, payment was refused, and this suit was brought. Judgment was entered for plaintiff, and defendant appeals.

The plaintiff in error contends that these instruments should be considered as checks, and that they were not presented for payment within a reasonable time for the presentation of checks—during which period the Cashion Gin Company had on deposit sufficient funds to pay them if they had been so presented and would have paid them (C. O. S., sec. 7757)—so the loss should fall on the plaintiff.

The following provisions of our Compiled Statutes, 1921, are involved in the determination of this litigation:

"7757. Instrument Payable at Bank. Where the instrument is made payable at a bank, it is equivalent to an order to the bank to pay the same for the account of the principal debtor thereon."

"7796. Bills of Exchange Defined. A bill of exchange is an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on

demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer."

"7802. Definition. The acceptance of a bill is the significance by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee. * * *"

"7808. When Bill May be Accepted. A bill may be accepted before it has been signed by the drawer, or while otherwise incomplete, or when it is overdue, or after it has been dishonored by a previous refusal to accept, or by nonpayment. * * *"

"7732. Liability of Acceptor. The acceptor by accepting the instrument engages that he will pay it according to the tenor of his acceptance, and admits:* * *"

"7797. Operation. A bill of itself does not operate as an assignment of the funds in the hands of the drawee available for the payment thereof, and the drawee is not liable on the bill unless and until he accepts the same."

"7854. Negotiable Promissory Notes Defined. A negotiable promissory note within the meaning of this chapter is an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay on demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer. * * *"

"7666. Who Primarily Liable. The person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are 'secondarily' liable."

"7740. Presentment Necessary, When. Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part. * * *"

These instruments as prepared were in form of drafts or bills of exchange drawn by the plaintiff on the defendant (C. O. S., section 7796) ; at the time they were issued, they were accepted for a valuable consideration by the Cashion Gin Company (C. O. S., sections 7802 and 7808) ; thus making a promise to pay on the part of Cashion Gin Company, a binding obligation on its part to pay the obligations according to their terms as in a note (C. O. S., sections 7732, 7797 and 7854) ; and it became primarily liable thereon (C. O. S., section 7666). The Cashion Gin Company, by acceptance thereof as by law provided, became primarily obligated for the payment of the sums stipulated therein as in a note, and no presentment was

necessary to preserve their liability thereon (C. O. S., section 7740).

The fact that the notes were payable at the Farmers State Bank, and, under the law on presentation thereat, the bank should consider them as an order on it to pay (C. O. S., section 7757), did not convert these instruments or notes into checks and thus require that they should be presented for payment within the time prescribed for presentation of checks for payment. U. S. National Bank v. Shupak (Mont.) 172 Pac. 324; Binghamton Pharmacy v. First National Bank (Tenn.) 176 S. W. 1038, 2 A. L. R. 1377, and note. The syllabus of the Tennessee case reads :

"Failure to present a note payable at bank for payment when it is due, at which time the maker has funds on deposit, does not relieve him from liability in case the bank fails leaving the note unpaid, notwithstanding the statute provides that where an instrument is made payable at a bank, it is equivalent to an order to the bank to pay the same for the account of the principal debtor thereon, where the statute also provides that presentment for payment is not necessary to charge the person primarily liable on the instrument.

"The difference between the drawer of a check and the maker of a note is that the latter is primarily liable on the instrument, while the former is not."

Both Montana and Tennessee have the Negotiable Instruments Law, and these cases were determined thereunder.

These instruments being equivalent to notes of Cashion Gin Company payable on demand, were not presented to the bank at which they were payable. It is true they were placed in the hands of the Bank of Navina for collection and by it forwarded for presentment for payment. The Bank of Navina, as well as the various institutions through which it forwarded them for presentation, were the agent of Otis Reisch, the plaintiff, and, before his agents made presentment thereof, he countermanded the instruction that they should be presented for payment by instructing the Farmers State Bank to return them, as he had a right to do. The Farmers State Bank in returning them was the agent of Otis Reisch. On the other hand, the Farmers State Bank, for the purpose of paying these obligations, was the agent of Cashion Gin Company. U. S. National Bank v. Shupak, supra. The plaintiff, within a reasonable time after the issuance of these demand notes by Cashion Gin Company, made demand on it for payment and payment was refused. The obligations have not been paid, and the trial court

properly entered judgment in favor of plaintiff and against defendant. Affirmed.

BENNETT, TEEHEE, DIFFENDAFFER, and HERR, Commissioners, concur.

SWINDALL, J., disqualified and not participating.

By the Court: It is so ordered.