JAMES P. SHERLOCK v. DUCK CREEK TOWNSHIP, in the County of Stoddard, Appellant.—92 S. W. (2d) 675.

Division Two, March 21, 1936.

*Henson & Woody* for appellant.

*H. S. Green* and *A. T. Welborn* for respondent.

COOLEY, C.—Suit on a $1000 bond issued by the County Court of Stoddard County for and on behalf of defendant, Duck Creek Township. Judgment for plaintiff and defendant appeals. Stoddard County has adopted township organization and the township organization law was effective therein at all times herein involved. [1] We have held that where township organization has been adopted a township is a political subdivision of the State within the meaning of the constitutional provision defining the appellate jurisdiction of this court. [Harrison & Mercer County Drainage District v. Trail Creek Township, 317 Mo. 933, 297 S. W. 1, followed in Wright County ex rel. Elk Creek Township v. Farmers' & Merchants' Bank (Mo.), 30 S. W. (2d) 32, and Norborne Land Drainage District v. Cherry Valley Township, 325 Mo. 1197, 31 S. W. (2d) 201.]

Plaintiff's petition sufficiently pleads the facts showing the execution and issuance of the bond, his ownership thereof, that it is an obligation of said Duck Creek Township and is past due and unpaid, after demand of payment. Defendant township, by its answer, admits its corporate entity, that the bond sued on was issued by the county court "for and on behalf of this defendant" and that, prior to March 1, 1930, its date of maturity, said bond "was an obligation of this defendant." It then pleads, in substance, that prior to said

March 1st, it had placed in the hands of the treasurer of Stoddard County, at whose office the bond on its face is payable, sufficient funds to pay it, thereby discharging its obligation and is therefore no longer indebted to plaintiff. For a further defense defendant pleads that prior to March 1, 1930, it placed in the hands of said county treasurer sufficient funds to pay this and other bonds of the same series, then maturing; that plaintiff could and would have received the amount due him had he then or within nine or ten months thereafter presented his bond for payment at said office; that plaintiff negligently failed to present the bond for payment or to demand payment until September 28, 1931, and that in the meantime, on December 2, 1930, the money had been lost through the failure of the bank which had been selected by the County Court of Stoddard County as depository of county funds and in which the county treasurer had deposited said money; that plaintiff, by failing to use due diligence to present his bond and receive payment, was guilty of laches and is therefore barred from recovering against defendant.

The case was submitted to the court on an agreed statement of facts, which is as follows:

"It is hereby stipulated and agreed by and between the parties plaintiff and defendant, by their respective attorneys, that this cause may be tried by the Court without a jury, and upon the following agreed statement of facts:

"That Stoddard County, Missouri, was, at all the times herein mentioned, operating under township organization, and that defendant is one of the municipal townships of said county; that on the 1st day of March, 1920, the County Court of Stoddard County, for or on behalf of defendant, issued its six per cent road bonds in the sum of $80,000.00; that said bonds were for the sum of $1,000.00 each and numbered from 1 to 80, both inclusive; that said bonds were made payable to bearer and the title thereto passed by delivery; that said bonds, on their face, were made payable at the office of the County Treasurer of Stoddard County, Missouri; that the bond sued on is No. 33 of said series and became due and payable at said office on the 1st day of March, 1930; that plaintiff was, at all the times herein mentioned, and now is, the legal owner and holder of said bond No. 33 and entitled to the full amount claimed in his petition, unless the defense prevails in this action; that, prior to March 1, 1930, defendant placed with the County Treasurer of Stoddard County, Missouri, funds sufficient in amount to pay said bond and the accrued interest for the purpose of retiring said bond; that said bond was not presented for payment on said first day of March, 1930, and was not so presented until the 28th day of September, 1931; that, during the year 1930, and until the 2nd day of December, 1930, the Bloomfield Bank & Trust Company was the duly selected qualified and acting depository of the

public funds of Stoddard County, Missouri, in the hands of the Treasurer thereof; that, upon the failure of the owner and holder of said bond No. 33 to present the same for payment, the County Treasurer placed the funds furnished him by defendant to pay said bond in said Bloomfield Bank & Trust Company, the county depository; that said money, so deposited by the County Treasurer, remained in said Bloomfield Bank & Trust Company, available at all times, prior to December 2, 1930, for the payment of said bond, and that said bond would have been paid had it been presented before said last mentioned date; that on the 2nd day of December, 1930, said Bloomfield Bank & Trust Company, depository, passed into the hands of the Commissioner of Finance of the State of Missouri for liquidation; that said Bloomfield Bank & Trust Company, as well as the bond given by it as county depository, is insolvent and said funds are lost.

"That other bonds of said series which were presented on March 1, 1930, and before the failure of said Bloomfield Bank & Trust Company, were fully paid by said County Treasurer, said bonds cancelled and deposited with the County Clerk of said County, as provided by law; that defendant had no knowledge or notice that said bond No. 33 had not been paid and cancelled until September, 1931, neither did defendant at any time prior to September, 1931, know the name or address of the holder of said bond.

"That, prior to March, 1930, plaintiff had misplaced and temporarily lost, among other papers, said bond No. 33, and did not for that reason present the same for payment until September, 1931; that plaintiff has not received either the principal or accrued interest represented by said bond No. 33, or any part thereof.

"Plaintiff caused said bond to be presented for payment at the office of the County Treasurer of Stoddard County, Missouri, on September 28, 1931, and the County Treasurer of said County, upon instructions from the Township Board of defendant Township, refused and has ever since refused payment of said bond.

"The bond sued on and admissions in the pleadings are to be considered a part of this agreed statement of facts."

Because of a contention advanced by appellant in its brief here we set out the bond. It reads:

"UNITED STATES OF AMERICA

"Number                                         Dollars
   33                                             1000

State of Missouri
County of Stoddard
Duck Creek Township
6% Road Bond

"Know All Men By These Presents, That the County Court of

Stoddard County, in the State of Missouri, for and on behalf, of Duck Creek Township of said County, hereby acknowledges itself to owe and for value received hereby promises to pay to the bearer hereof

"One Thousand Dollars

in lawful money of the United States on the 1st day of March, 1930, with interest thereon from date. hereof at the rate of six per centum (6%) per annum, payable semi-annually on the first day of March and September in each year on presentation and surrender of the annexed interest coupons as they severally mature.

"Both principal and interest on this bond are payable at the office of the County Treasurer at Bloomfield in the County of Stoddard, in the State of Missouri, and for the prompt payment of this bond and the interest thereon, the full faith, credit and resources of Duck Creek Township in the County of Stoddard and State of Missouri, are hereby irrevocably pledged.

"This bond is one of a series of like tenure and effect, except as to date of maturity, numbered from one (1) to eighty (80), both inclusive, aggregating the sum of Eighty Thousand Dollars ($80,000.00), issued by the County Court of Stoddard County, in the State of Missouri, and for and on behalf of Duck Creek Township in said County for road and bridge purposes; and pursuant to and in full compliance with the Constitution and laws of the State of Missouri, including among others, Sections 88, 89, 90, 91 and 92 of an act of the Forty-ninth General Assembly, approved April 19th, 1917, found on pages 472, 473 and 474 of the Session Acts of 1917, of the State of Missouri and under and in full compliance with an order of the County Court of Stoddard County duly and legally made and entered of record, and with the assent of more than two-thirds of the qualified voters of said Township voting at an election held for that purpose in said Township on January 31, 1920.

"It is hereby certified, represented and covenanted that all acts, conditions, and things required to be done precedent to and in the issuance of this bond have happened, and have been performed in the regular and due form as required by law; that a direct and annual tax upon all taxable property in Duck Creek Township has been levied for the payment of the principal and interest of this bond, and that the total indebtedness of said Township, including this bond and the issue of which this bond is one, does not exceed any statutory or constitutional limit.

"In Testimony Whereof, The County Court of Stoddard County in the State of Missouri, has executed this bond by causing the same to be signed by the presiding judge of the County Court of said County and attested by the signature of the County Clerk of said County with the seal of said County affixed, and has caused the annexed interest

coupons to be executed with the lithographed facsimile signature of said clerk of this court, and this bond to be dated this 1st day of March, 1920.

"(Seal)                              R. E. EDMONDSON,
                                "Presiding Judge of the County
                                Court of Stoddard County,
                                Missouri.

"BEN WILSON,
        County Clerk of Stoddard
            County, Missouri."

In its brief here appellant states as its first point,—and the contention really underlies the entire defense—that "Defendant had no contractual relation with plaintiff. Its duty and obligation was one of law and not of contract." In elaboration of this contention appellant says in its printed argument,

"The vote of the citizens of Duck Creek Township pursuant to which the bond was issued, was merely the assent of that township to permit the County Court to issue the bonds and levy a special tax upon the property of the township to pay the same.

"Bond No. 33, with all its provisions; Laws of 1917, Secs. 88, 89, 90, 91 and 92, pages 472, 473 and 474.

"The authorities cited and relied upon by respondent in the trial court, which no doubt will be cited and relied upon in this Court, have no application to this case. They refer to private transactions which are governed by the negotiable instrument law, are purely contractual in their nature, while in the present case the duties, liabilities and responsibilities of the defendant are purely statutory, and when these statutes were complied with by the defendant its responsibility ended. Defendant is not primarily liable on this instrument as maker in the contemplation of the negotiable instrument law.

"The bond sued on here is merely an I. O. U. executed by the County Court of Stoddard County, Missouri, and not by Duck Creek Township, the defendant. There is no promise by Duck Creek Township contained in the bond, therefore the authorities relied upon by respondent holding the maker of an instrument primarily liable do not apply."

A brief reference to the statutory provisions referred to in the above quotation, pursuant to which the bond was issued, is appropriate. Said Sections 88 to 92, inclusive, of the Act of 1917 are parts of a comprehensive act relating to roads and bridges. With some amendments made later and not here important they constitute present Sections 7960 to 7964, inclusive, Revised Statutes 1929 (Mo. Stat. Ann., pp. 6806 et seq.). We refer to them by the section numbers of the 1917 act.

Section 88 provides "The board of commissioners of any special road

district . . . for and on behalf of such district, and the county courts of the several counties, on behalf of any township in their respective counties, are hereby authorized to issue road bonds to an amount. . . .'', etc.

Section 89 provides that when twenty legal voters of a township file with the clerk of the county court a petition asking that bonds for road purposes be issued for and on behalf of such township the county court shall order an election to be held in such township on the question of issuing bonds; provides the manner of calling and holding the election and that if two-thirds of the votes cast are in favor of the bond issue the county court shall order and direct the issuance of the bonds and provide for the levy and collection of a direct annual tax on the taxable property of the township for their payment.

Section 90 prescribes the form of ballots to be used and Section 91 directs the county court on behalf of the township to sell the bonds and turn over the proceeds to the treasurer of the township, to be used in constructing or improving roads, bridges and culverts in the township. Section 92 excludes from the application of the four preceding sections a township the whole or part of which is in a special road district. We omit synopsis of the provisions as to special road districts, which are not here involved.

It is apparent that the bonds thus issued were issued for and on behalf of the township, at its behest, and for its benefit. They are to all intents and purposes township bonds,—township obligations,—and the county court, in issuing them, was merely the agency used to effectuate the objects of the law and the purpose of the township in borrowing the money. [See State v. Clarkson, 59 Mo. 149, 153.] They do not purport to be, and could not be, obligations of the county. The county court had no authority to bind the county for their payment and did not attempt or purport to do so. Obviously the members of that body did not, personally, borrow the money paid for the bonds and promise to repay it. It is not and could not be so contended. Who did? There can be but one answer,—the township did. It obtained the money represented by the bonds. True, it had to have and did have statutory authority in order to borrow the money and bind itself to repay it. Municipal bonds generally can be issued only pursuant to constitutional and statutory authority. In that sense all such bonds may be said to be statutory obligations. So of the bond in question. But it contains a promise to pay. Whose promise? Clearly, that of the township.

Appellant's present contention that "the bond sued on is merely an I. O. U. executed by the County Court of Stoddard County, Missouri, and not by Duck Creek Township," and that "there is no promise by Duck Creek Township contained in the bond" seems somewhat contradictory of the admission in its answer that said bond

"prior to March 1st, 1930, was an obligation of this defendant." But, regardless of the question of pleading it was "an obligation" and a primary obligation of defendant. Is it discharged, or, if not, is plaintiff barred by laches from enforcing it?

■ The bond is not paid. On its face it is payable "at the office of the County Treasurer at Bloomfield in the County of Stoddard." At the time the bond matured defendant had placed in the hands of the county treasurer funds sufficient to pay the bond and the treasurer had deposited said funds in the bank theretofore selected by the county court as the county depository. But the bond had not been left with said treasurer for collection and was not in his possession. According to the weight of authority the mere designation, in the bond, of the county treasurer's office as the place where the bond was to be paid did not have the effect of making the treasurer the agent of the bondholder to receive payment. Where a place of payment is thus named, as for example a bank, and the maker of an instrument has deposited funds at its maturity to pay it, the loss resulting from the failure of the bank, according to the weight of authority, does not fall upon the holder who has failed to present the instrument for payment. The question (in regard to a note), was well considered and the authorities reviewed in Adams v. Hackensack Improvement Comm., 44 N. J. L. 638. The court, after reviewing authorities, stated its conclusion, 44 N. J. L. l. c. 646, thus:—

"The contract of the maker, acceptor or obligor is to pay the holder of the paper, and the place for payment is designated simply for the convenience of both parties. Making a bill or note payable at a banker's, is authority to the banker to apply the funds of the acceptor or maker on deposit to the payment of the paper. [1 Daniel's Neg. Inst. 326a.] If maturing paper be left with the banker for collection, he becomes the agent of the holder to receive payment, but unless the banker is made the holder's agent by a deposit of the paper with him for collection, he has no authority to act for the holder. The naming of a bank in a promissory note as the place of payment, does not make the banking association an agent for the collection of the note or the receipt of the money. No power, authority or duty is thereby conferred upon the banker in reference to the note; and the debtor cannot make the banker the agent of the holder by simply depositing with him the funds to pay it with. Unless the banker has been made the agent of the holder by the endorsement of the paper or the deposit of it for collection, any money which the banker receives to apply in payment of it will be deemed to have been taken by him as the agent of the payor. [1 Daniel's Neg. Inst. 326; Hills v. Place, 48 N. Y. 520.] Such a deposit, without some act of appropriation by the banker, does not create any privity of contract as between the banker and the holder of the paper. (Citing authorities.) The only effect

of the payor having the money at the bank where the paper is payable is, that it will enable him to plead a tender in exoneration of interest and costs of suit, provided he makes his tender good by payment of the principal into court.''

Adams v. Hackensack Improvement Comm., supra, is cited with approval in Bank of Montreal v. Ingerson, 105 Iowa, 349, another well-considered case in which the authorities are reviewed. In the latter case the court quoted from the New Jersey case, and further said, 105 Iowa, l. c. 361, that, while it may be necessary to demand payment at the designated place to aid in fixing the liability of persons not primarily liable, that is not necessary to fix the liability of the maker, and ''as to him, the paper merely does what it purports to do; that is, it designates a place where payment may be made, not a person other than the holder to whom it may be made.''

The conclusion announced in the New Jersey and Iowa cases, supra, is in accord with the weight of authority in cases where a note or similar obligation is made payable at a designated bank wherein the maker had funds to pay it at its maturity and the money was lost because of the bank's failure after maturity of the instrument and before it was presented for payment. Sustaining this principle see the following: Ward v. Smith, 7 Wall. (74 U. S.) 447; Cheney v. Libby, 134 U. S. 68, 82; 2 Randolph on Com. Paper, sec. 1119; Tiedeman on Com. Paper (1889 Ed.), sec. 310; Bartel v. Brown, 104 Wis. 493; United States Natl. Bank v. Shupak (Mont.), 172 Pac. 324; First Natl. Bank v. Chilson, 45 Neb. 257; Cashion Gin Co. v. Reisch (Okla.), 289 Pac. 701; Carpenter v. McLaughlin, 12 R. I. 270; Wood & Co. v. Merchants' Saving, etc., Co., 41 Ill. 267; Glatt v. Fortman, 120 Ind. 384; State Natl. Bank v. Hyatt, 75 Ark. 170; Binghampton Pharmacy v. First Natl. Bank, 131 Tenn. 711, 176 S. W. 1038, 2 A. L. R. 1377, and notes in 2 A. L. R. beginning p. 1381. The principle appears to have been recognized and applied in Powers v. Woolfolk, 132 Mo. App. 354, 111 S. W. 1187.

The agreed statement of facts herein recites that the defendant placed with the county treasurer funds sufficient to pay the bond, ''for the purpose of retiring said bond.'' But until the money was paid to the bondholder or to some one authorized to receive payment for him it remained defendant's money and subject to its control. Defendant seems to have recognized and acted upon the theory that its funds in the hands of the county treasurer were subject to its control, as witness the further agreed fact that, when the bond was later presented for payment, the county treasurer, ''upon instructions from the Township Board of defendant Township,'' refused payment. That the treasurer was bound to obey the ''instructions'' thus given, see County of Jackson v. Fayman, 329 Mo. 423, 44 S. W. (2d) 849.

In our opinion, for the reasons stated, the fact that, at the maturity

of the bond, defendant had placed and then had with the county treasurer sufficient funds to pay it, does not amount to payment or to a discharge of defendant's obligation to pay.

■ *Of laches*: Defendant's plea of laches cannot avail. Plaintiff's action is one at law. He asserts a purely legal demand. Since, as we have held above, defendant township was and is primarily liable on the bond sued on, presentment for payment was not necessary in order to charge defendant. [Sec. 2698, R. S. 1929, Mo. Stat. Ann., sec. 2698, p. 689.] It was so held prior to the passage of our Negotiable Instruments Act. [See Napper v. Blank, 54 Mo. 131.]

Even if the defense of laches were available to defendant as against plaintiff's legal demand it is not clear that it should be allowed under the admitted facts. Plaintiff did not purposely refrain from presenting the bond for payment. He had mislaid or temporarily lost it. If it be said he was negligent, he was not responsible for the loss of the money through the failure of the bank in which it had been deposited. The law authorized the township to select its own depository, requiring of the depository a solvent bond. [Sec. 12184, R. S. 1929, Mo. Stat. Ann., p. 6455.] It chose not to do so but, instead, to use the county depository selected by the county court. [See Secs. 12187 and 12188, R. S. 1929, Mo. Stat. Ann., pp. 6459, 6461.] Plaintiff had the right to expect that, since the law required that the depository selected, in either case, should give a solvent bond, such bond would be exacted and that the authority selecting the depository, whether the township board or the county court, would see to it that the bond was kept solvent. That it certainly should have done, but evidently did not do, because the agreed fact is that the bond taken was insolvent when the depository bank failed. Had the depository been required, while it continued to act in that capacity, to maintain a solvent bond, as the statute contemplates, there would have been no loss.

It is unnecessary to decide or further to discuss the question suggested in the preceding paragraph, because we think that under the agreed facts, plaintiff's action being purely one at law, his laches, if he was guilty of laches, does not bar his claim. In Chilton v. Nickey, 261 Mo. 232, 243, 169 S. W. 978, 980, it is said:—"Appellant insists that the plaintiff is barred by laches. The doctrine of laches is only applied to defeat a claim for some equitable relief. It is no bar to a claim made under a legal title. . . . . In no case in this State has it been held that laches is a bar to a claim made under a legal right as distinguished from an equitable claim or title."

The foregoing is quoted with approval in Kellogg v. Moore, 271 Mo. 189, 193, 196 S. W. 15, 16, in which the court further says that the quotation from the Chilton case states the proper rule,—"That is to say that laches is purely a creature of equity, and is only to be in-

voked by the defendant in a case where the plaintiff appeals to equity and seeks the enforcement of an equitable right.'' To same effect, holding that laches is not a defense to an action at law, see: Brooks v. Roberts, 281 Mo. 551, 220 S. W. 11; Hecker v. Bleish, 319 Mo. 149, 172, 3 S. W. (2d) 1008, 1018.

The judgment of the circuit court is for the right party and it is affirmed. *Westhues* and *Bohling*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.