**LIBERTY TOWNSHIP OF STODDARD COUNTY, Missouri, Plaintiff-Respondent,**

v.

**Dennis TELFORD and John A. Short, Defendants-Appellants.**

No. 7935.

Springfield Court of Appeals.

Missouri.

Oct. 11, 1961.

Riddle, Baker & O'Herin, Malden, for defendants-appellants.

Arnold & Trammell, Dexter, for plaintiff-respondent.

STONE, Presiding Judge.

In this action, Liberty Township of Stoddard County, Missouri, as plaintiff, sought and obtained in the circuit court of that county a decree perpetually enjoining defendants from interfering with free public use of a certain road in Liberty Township, alleged by plaintiff and found by the court to have been maintained and improved by plaintiff with public monies, and ordering defendants to remove all obstructions by them placed across said road. The case has come to us on a notice of appeal filed by defendants' *then* counsel. Other attorneys, now representing defendants, have moved for transfer to the Supreme Court because plaintiff is a duly-constituted township in a county under township organization and thus is a "political subdivision of the state" within the contemplation and meaning of Art. 5, Sec. 3, Mo.Const. of 1945, 2 V.A. M.S., defining and delineating the exclusive appellate jurisdiction of the Supreme Court.

The transcript on appeal shows that plaintiff alleged in the first numbered paragraph of its petition that "Liberty Township is a political subdivision of this state and organized and existing under and by virtue of the township organization law thereof and that Stoddard County operates under the township organization law"; that, in their first amended answer upon which the case was tried, defendants admitted the quoted allegations; and that the court's decree contains, among others, a finding in similar language and to the same effect. In these circumstances, it clearly appears that the instant appeal is within the exclusive appellate jurisdiction of the Supreme Court. Sherlock v. Duck Creek Tp., Stoddard County, 338 Mo. 866, 868(1), 92 S.W. 2d 675; Grand River Tp., DeKalb County v. Cooke Sales & Service, Mo., 267 S.W.2d 322, 323(1); Cullor v. Jackson Tp., Putnam County, Mo., 249 S.W.2d 393, 395(1); Reilly v. Sugar Creek Tp. of Harrison County, 345 Mo. 1248, 1250(1), 139 S.W.2d 525(1); Liquidation of Peoples Bank of Butler, 344 Mo. 611, 616(1), 127 S.W.2d 669, 671(1); Norborne Land Drainage Dist. Co. v. Cherry Valley Tp. of Carroll County, 325 Mo. 1197, 1205, 31 S.W.2d 201, 203(1); Wright County ex rel. Elk Creek Tp. v. Farmers' & Merchants' Bank, Mo., 30 S.W.

2d 32, 33(2); Harrison and Mercer County Drainage Dist. v. Trail Creek Tp., 317 Mo. 933, 939–941, 297 S.W. 1, 3–4(1, 2); Missouri Tp., Chariton County v. Farmers' Bank of Forest Green, Mo.App., 12 S.W.2d 763, id., 328 Mo. 868, 42 S.W.2d 353.

Accordingly, defendants'-appellants' motion to transfer is sustained, and the clerk of this court is directed to transfer this cause forthwith [V.A.M.S. § 477.080], together with a copy of this order, to the clerk of the Supreme Court of Missouri.

McDOWELL and RUARK, JJ., concur.