THE STATE OF MISSOURI at the relation of STATE HIGHWAY COMMISSION OF MISSOURI, Appellant, v. WESLEY E. HUFF ET AL.—51 S. W. (2d) 40.

Division One, June 14, 1932.

*John W. Mather, B. F. Boyer* and *Jean Paul Bradshaw* for appellant.

*Franklin & Franklin* for respondent.

RAGLAND, J.—This is a condemnation proceeding in which the State Highway Commission seeks to acquire the right-of-way across certain parcels of land for a supplementary State highway. A demurrer to its petition was sustained by the circuit court, resulting in a final judgment against it. The purpose of this appeal is to have that ruling reviewed.

The petition is conventional in both form and content. After reciting plaintiff's authority under the Constitution and laws of the State to locate, acquire and construct supplementary State highways and bridges, it alleges, among other things, that plaintiff and the County Highway Commission of Adair County have selected, by mutual agreement, the road described as "beginning at Route 6, at or near Novinger, thence north to the Putnam County line."

The demurrer strikes solely at the Commission's alleged authority to condemn for a supplementary State highway: it asserts that that power is lodged elsewhere.

The sole authority for the creation of supplementary State highways, and for their location, acquisition and construction, is found in Section 44a, Article IV of the Constitution. That section was adopted as an amendment of the Constitution in 1928. While many of its provisions are self-enforcing, the whole section must be read and construed in the light of the constitutional and statutory provisions relating to the same general subject as they existed at the time of its adoption. [See State ex rel. Russell v. State Highway

Commission, 328 Mo. 942, 42 S. W. (2d) 196.] The only highways with which the section purports to deal are State highways; the supplementary State highways for which it provides are "in addition to those State highways designated and laid out under existing law."

■ Supplementary highways, according to the express provisions of the section, are to be constructed at the cost of the State, that is to say, the funds therein provided for are to be expended in part, under the direction and supervision of the State Highway Commission, for the purpose of locating, establishing, acquiring, constructing and maintaining supplementary State highways. These highways are therefore State highways, not only by express designation in said Section 44a, but under the definitive provisions of Section 8093, Revised Statutes 1929, as well. When located, acquired and constructed, they become parts of the existing State highway system within the contemplation of said Section 44a, and as such fall within the exclusive jurisdiction of the State Highway Commission.

■ As supplementary State highways are State highways, the Commission's power to acquire by condemnation rights-of-way for their "location, construction, reconstruction, widening, improvement or maintenance" is not open to question. [Sec. 8111, R. S. 1929.]

■ Respondents contend that the County Highway Commission of Adair County has the sole power to condemn a right of way for "the road mentioned and described in plaintiff's petition." The powers of that commission are found in an act passed by the Legislature in 1927, a year prior to the adoption of said Section 44a. That act (now Art. 2, Chap. 42, R. S. 1929) created and established in the several counties of the State a county highway commission. It empowered each such commission to locate, lay out, designate, construct and maintain, subject to the approval of the State Highway Commission, a system of county highways, not exceeding in the aggregate 100 miles, so connecting the centers of population in the county with State highways that the inhabitants of the county generally should have and enjoy "a system of highly improved farm-to-market roads." The act provided that "the roads constituting the county highway system shall be known and designated as 'county highways.'" It further provided that "the county highway commission shall have absolute jurisdiction and control over all highways constituting a part of the county highway system." But it nowhere gave the county highway commission a vestige of authority with respect to State highways. The State highway system and the county highway system created by the act are separate and distinct systems, controlled and operated under different jurisdictions.

There is, however, one situation in which the county highway commission is given a voice with respect to State highways. Said Section 44a provides that the supplementary State highways to be

constructed, or improved and maintained in each of the counties "shall be selected by mutual agreement of the State Highway Commission and the officials of such county . . . having . . . jurisdiction over the roads in the territory through which such supplementary State highways are to be constructed, improved and maintained." Where the proposed supplementary State highway is to consist in whole or in part of a new road or route (as shown by the petition in this case), as to such new road or part, selecting it necessarily means locating it; so that, when the county highway commission has concurred with the State Highway Commission in making the location, its powers in the premises have been exhausted; it has nothing whatever to do with the acquirement of the right of way.

In State ex rel. Russell v. State Highway Commission, supra, l. c. 199, the supplementary State highways provided for in said Section 44a were referred to as "being what are generally called 'farm-to-market' roads." In so describing them the court was merely making use of the nomenclature which had been employed in the press and on the hustings in the campaign to popularize and secure the adoption of the proposed constitutional amendment, then known as Proposition No. 3. It certainly had no thought of identifying the "supplementary State highways" provided for in the amendment with the "county highways" constituting "the county highway system," created and put under the jurisdiction of the county highway commission by said Article 2.

In sustaining the demurrer the circuit court was in error. Its judgment is reversed and the cause remanded. All concur.