STATE OF MISSOURI, at the Relation of FLOY G. NICKERSON, J. S. LANE, JR., and EVERETT V. LINEBERRY, Relators, v. VIRGIL CASEY ROSE, Judge of the 3rd Judicial Circuit.—No. 38543.—175 S. W. (2d) 768.

Division One, December 6, 1943.

*H. K. West* for relators.

VAN OSDOL, C.—Original proceeding in prohibition to prohibit the respondent, Honorable Virgil Casey Rose, Judge of the

1200

Third Judicial **[770]** Circuit of Missouri, from proceeding further in the hearing of a condemnation case wherein the State of Missouri, at the relation of the State Highway Commission of Missouri, seeks to condemn certain parcels of land in Linn County for the construction of a supplementary state highway.

The condemnation proceeding was instituted on March 4, 1943, by an application by petition to Honorable G. Derk Green, the duly elected, qualified and acting Judge of the Twelfth Judicial Circuit of Missouri, which circuit consists of the counties of Chariton, Linn and Sullivan. The petition was found to be sufficient by Judge Green, who ordered it filed by the circuit clerk of Linn County and further directed the clerk to issue proper summons. On March 5, 1943, the clerk issued a summons directing the sheriff of Linn County "to summons, on or before the 15th day of March 1943" certain of defendants in the condemnation proceedings including relators herein, to "appear before the Honorable G. Derk Green, Judge of the Circuit Court of Linn County, Missouri, in vacation, at the Court House in the City of Brookfield, County of Linn, Missouri, on the 30th day of March, 1943, at the hour of One — M. to answer the condemnation petition of the State of Missouri at the relation of the State Highway Commission of Missouri, or if said parties so summoned do not desire to appear and answer said petition will be taken as confessed and an order made appointing commissioners as prayed for in said petition." The return of the sheriff shows service on resident defendants March 17 and 20, 1943. On March 30, 1943, the disqualification of the regular judge was suggested, and a record entry of that day is as follows, "Now, on this 30th day of March, 1943, it appears that G. Derk Green, Judge of this court, is related to parties hereto and is disqualified from sitting on the trial or determination of the issues here involved." And afterwards, "to-wit, on April 2, 1943, that being the Twelfth day of the regular February Term, 1943, of the Circuit Court of Linn County, Missouri, begun and held at Brookfield, the following appears of record, to-wit:

"In Re: Special Judge.

"Now, on this 2nd day of April, 1943, by order of the Court, the Clerk prepares and distributes ballots for the election of a Special Judge to hear the matter, State of Missouri ex rel. State Highway Commission of Missouri, vs. Roy Stone et al., Judge G. Derk Green, having previously, at a Vacation hearing of this matter, disqualified himself because of relationship to a certain defendant herein.

"It is found that Judge Virgil Casey Rose, Judge of the Third Judicial Circuit of Missouri, is elected, five attorneys of the Linn County Bar being present.

"(Judge Green now vacates the bench)

"In Re: Oath of Special Judge.

"Now, on this 2nd day of April, 1943, comes Judge Virgil Casey Rose, Judge of the Third Judicial Circuit of Missouri, and files his oath, duly sworn and signed, to act as Judge in the matter, State ex rel. State Highway Commission of Missouri vs. Roy Stone et al., and now assumes the bench."

On the same day, April 2d, a plea styled "Plea in Abatement" was filed by defendants in the condemnation case alleging that the respondent herein had no jurisdiction to proceed. The plea in abatement was overruled, and the respondent announced that he would proceed with the appointment of commissioners to assess damages.

Upon application, this court's provisional rule was issued May 6, 1943.

Respondent has filed motion to dismiss the relators' petition under Rule No. 32 of this court, and has filed return admitting in effect the facts alleged in the petition as have been herein related, though denying specifically "that he served at any time or times herein mentioned or acted or pretended to act as the Judge of the 3rd Judicial Circuit of the State of Missouri in the case . . . and states that whatever action he took was as a duly elected, qualified and acting Special Judge of the Circuit Court of Linn County, Missouri at Brookfield under and by a virtue of the terms and provisions of Section 2105 R. S. Missouri, 1939; respondent further states that he was then and at all times herein in question, has been and now is, a duly licensed attorney at law of the State of Missouri having all of the qualifications of a Circuit Judge and that it is the common, frequent and regular practice for a Circuit Judge of this state to be outside of his own Circuit, elected Special Judge of the Circuit Court . . . "

It is contended by relators that (1) no notice was ever given that Judge Rose would appoint commissioners on April 2d; (2) the service of summons was void [771] being after the date, March 15th, before which date the summons by its terms was directed to be served; (3) the petition in the condemnation case is addressed to no court and no term of court, and states no venue; (4) the election of Judge Rose is a nullity, for Judge Rose, being Judge of the Third Judicial Circuit of Missouri, is not a member of the bar of the Twelfth Judicial Circuit nor of Linn County, and is not a practicing attorney; (5) there are no funds to pay for the right of way, the State Highway Commission could not, or would not, use its funds, and so is permitting the use of its name to enable private persons to acquire lands for private use; and (6) since the State Highway Commission has no funds with which it could or would pay damages to the owners of land, there could have been no *bona fide* attempt to agree with the owners of the land on the amount of compensation for the lands to be taken.

Rule No. 32 of this court provides, "No original remedial writ, except *Habeas Corpus*, will be issued by this court in any case wherein

1202

adequate relief can be afforded by an appeal or writ of error, or by application for such writ to a court having in that behalf concurrent jurisdiction.''

Relators urge that the motion to dismiss admitted the facts alleged in the petition, and also waived or abandoned the return. The motion to dismiss was not specifically based upon the ground that the petition was insufficient nor upon the ground that this court has no jurisdiction to issue the writ; but, as stated, is based upon the provisions of the rule that this court will not in certain cases issue such writ. Since the motion to dismiss did not challenge the jurisdiction of the court nor the sufficiency of the petition, the return was not abandoned or waived by the filing of the motion. State ex rel. Kansas City Exchange Co. et al. v. Harris, Judge, et al., 229 Mo. App. 721, 81 S. W. 2d 632.

This court could have refused to entertain the petition as some of the contentions of relators go to error rather than to jurisdiction but, having issued our provisional rule, we will consider the questions presented by the pleadings. State ex rel. Dunlap v. Higbee, 328 Mo. 1066, 43 S. W. 2d 825. Respondent's motion to dismiss is overruled.

The relators' contentions (1) and (3) may be considered together. On March 30th, Judge Green, being disqualified because of his relationship to a party, could not further act in the case in so far as the merits were concerned. However, Judge Green was not disqualified from making such routine orders, incident to the disposition of the case, as did not affect the merits. In re Pate (Mo. App.), 107 S. W. 2d 157. It was his duty to take such steps as were necessary to enable the selection of a special-judge by agreement of the parties, or by an election; or, if the parties failed to agree or if there was a failure to elect, to transfer the venue of the case to another circuit. Sections 2105 and 1059, R. S. 1939, Mo. R. S. A., secs. 2105 and 1059; State ex rel. Banks v. Price, 228 Mo. App. 530, 70 S. W. 2d 130. To that end Judge Green had authority to direct the resetting of the hearing of the condemnation case.

In the absence of proof to the contrary, there is always a presumption of jurisdiction and right action by a court of general jurisdiction. Kirkman v. Stevenson, 210 Mo. App. 380, 238 S. W. 543; also 21 C. J. S., Courts, sec. 96, p. 149. It appears from the record that the condemnation case was pending on the docket of the Circuit Court of Linn County at Brookfield, on April 2, 1943, during the regular February Term, 1943, of that court. And since the case on that date was so pending, it may be presumed, nothing being shown to the contrary, that Judge Green on March 30th announced and directed that the case should be reset and regularly docketed, April 2d, in the court at Brookfield convened. It is true that the Thirty-fourth General Assembly of Missouri made provision "that the judge of the Linn County circuit court shall hold two terms of the circuit court

each year in the city of Brookfield . . . ." (see Laws of Missouri, 1887, pp. 142-144), and that the petition in an action commenced in the Linn County Circuit Court at Brookfield should properly specify a term of that court at Brookfield; however, the application by petition in the condemnation case was not made to the court, but to the judge thereof in vacation. It is provided by law that when land is sought to be appropriated for public use that the condemnor may apply by petition to the circuit court of the county of this state where said land or any part thereof lies, *or the judge thereof in vacation.* Section 1504, R. S. 1939, Mo. R. S. A., sec. 1504. When the application is made to the judge of the circuit court in vacation the petition [772] may properly specify "Before" the judge of the court in vacation, as was the petition in the condemnation case here in question.

██ It is provided by statute that, upon the filing of the petition in condemnation, a summons shall be issued giving the owner of lands sought to be taken at least ten days' notice of the time when said petition will be heard, which summons shall be served by the sheriff of the county, in the same manner as writs of summons are or may be by law required to be served. Section 1505, R. S. 1939, Mo. R. S. A., sec. 1505. The return of the sheriff of Linn County shows that certain resident defendants in the condemnation case, including relators herein, were served with copy of writ of summons ten or more days before the time when the petition was to be heard, and so there was service within the provisions of Section 1505, supra, notwithstanding the direction in the writ of summons that defendants should be summoned or served by the sheriff before a date (March 15, 1943) which was more than ten days prior to the time of the hearing of the petition. The service of the summons, according to the return of the sheriff, gave the resident defendants timely statutory notice of the pendency of the condemnation proceedings and of the time for hearing and is held to be valid. The direction in the writ of summons that the sheriff "summons" the named defendants on or before March 15, 1943, was not necessary to effect a timely notice under the provisions of Section 1505, supra; it could not, we believe, have confused or misled defendants (relators herein); it is held to be a mere irregularity and not jurisdictional.

██ This court takes judicial notice that Honorable Virgil Casey Rose is the duly elected, qualified and acting judge of the Third Judicial Circuit of Missouri, which circuit consists of the counties of Mercer, Harrison, Putnam and Grundy. Judge Rose is a resident of that circuit. This court takes judicial notice that Virgil Casey Rose has been duly licensed by this court to engage in the practice of law in any of the courts of record of this state.

██ Is Judge Rose an attorney of the court, a member of the bar, who may be elected by the attorneys of the court to hold court for the occasion of a trial of a "cause or causes" under the provisions of Section 2105, R. S. 1939, Mo. R. S. A., sec. 2105?

1204

Under the provisions of Section 29, Article VI, Constitution of Missouri, "if the judge (of any circuit) be sick, absent, or from any cause unable to hold any term or part of term of court, in any county in his circuit, such term or part of term of court may be held by a judge of any other circuit; and at the request of the judge of any circuit, any term of court or part of term in his circuit may be held by the judge of any other circuit, and in all such cases, or in any case where the judge cannot preside, the General Assembly shall make such additional provision for holding court as may be found necessary." See also Section 2104, R. S. 1939, Mo. R. S. A., sec. 2104.

The trial of a particular cause is not a "term or part of term of court" for the holding of which a disqualified regular circuit judge is authorized to procure a judge of another .circuit. State ex rel. Dunlap v. Higbee, supra. The legislature in obedience to the mandate of Section 29, Article VI, supra, enacted Section 2105, supra, making provision for holding a term or part of term of court in the event the judge fails to procure another judge, and making provision for the trial of a cause or causes in the trial of which the regular judge cannot properly preside. Under the provisions of this section, when the judge fails to procure another judge to hold a term or part of term of court, an attorney of the court, *a member of the bar*, may be elected to serve as judge (State ex rel. Dunlap v. Higbee, supra); likewise, "if the judge is . . . related to . . . either party" and so "cannot properly preside in any cause or causes pending in such court" an attorney of the court may be elected to hold the court for the occasion. From the reading of the language of Section 2105, supra, in conjunction with Section 29, Article VI, supra, and Section 2104, supra, it is obvious that the legislature intended to make a distinction between *a judge* of any other circuit court who may be procured by the judge to hold a term or part of term of court under the provisions of the section of the Constitution, supra (and Section 2104, supra), *and an attorney of the court* "having the qualifications of a circuit judge" who may be elected under the provisions of Section 2105, supra. The duties and responsibilities of the presiding officer of the court, the judge, are in many respects inherently inconsistent with those of an attorney of the court, a member of [773] the bar. The significance of this difference in the official obligations of a judge and a member of the bar is also recognized by the legislature of this state, it being provided that judges of courts of record (the circuit judge is not in anywise excepted) shall not act as attorneys in any court within this state. Section 2024, R. S. 1939, Mo. R. S. A., sec. 2024. Although Judge Rose is eminently qualified in learning and in character to act as an attorney (or to preside as judge), and although duly licensed by this court to engage in the practice of law in any of the courts of record of this state; Judge Rose, being a duly elected, qualified and acting circuit judge, cannot lawfully act

as an attorney in any of the courts of this state during his tenure of office as judge; and, we hold, he is not an attorney of the court, a member of the bar, during such tenure, who may be elected by the members of the bar to hold court for the occasion under the provisions of Section 2105, supra.

May a member of the bar, who resides in another circuit, be elected "to hold the court for the occasion," under the provisions of Section 2105, supra? It does not appear necessary to determine this question here. Consult Section 26, Article VI, Constitution of Missouri, and Lewellen v. Haynie (Mo. App.), 25 S. W. 2d 499.

Relators' contentions (5) and (6) may be reviewed together. As we understand these contentions are not urged because relators deny that there was an attempt to agree upon the amount of compensation, or that the property sought to be taken is not to be actually available for public use, as issuable facts. But, we understand, relators contend that the attempt to agree on the amount of compensation was not *bona fide*, and the use of the lands to be taken is not a public use, because (it is asserted) there has been no provision for funds out of which relators as property owners may be compensated for lands to be taken, except such funds as may be contributed by "local people."

Relators cite and rely upon the case of State ex rel. United Rys. Co. v. Wiethaupt, 231 Mo. 449, 133 S. W. 329, to support these contentions. In that case an act of the legislature, amending a chapter of the statutes entitled "Ferries," was held to be unconstitutional and void. The amendment made provision for the condemnation of property for "wharves, piers and other landings." The amending act did not require that the use of the property so condemned should be in aid of *public* ferries necessary to connect public highways. The amending act made no provision for the payment of damages suffered by the owners of the property taken, except from the voluntary contributions of private citizens. This case is not useful to us here. The use of the lands to be taken was alleged in the petition in the condemnation case here in question to be that which is declared by law to be a public use, and the property owners are not obliged to rely upon the voluntary contributions of private citizens for compensation for the property taken.

Relator in the condemnation case, State Highway Commission of Missouri, is empowered to condemn, in the name of the State of Missouri, lands when necessary for the proper and economical construction of state highways. Section 8759, R. S. 1939, Mo. R. S. A., sec. 8759. Supplementary highways, provision for which is made by Section 44a of Article IV of the Constitution of Missouri, are state highways within the meaning of the term "state highways" for the construction of which the State Highway Commission has the power to condemn lands under Section 8759, supra. State ex rel. State

1206

Highway Commission v. Huff; 330 Mo. 939, 51 S. W. 2d 40. It is not contemplated that private property shall be taken for public use without just compensation. Section 21, Article II, Constitution of Missouri. Moreover, provision is made by law for the contribution of funds, available for road purposes, by civil subdivisions of the state, to acquire rights of way for the construction of state highways, including supplementary highways, whether such rights of way are acquired by purchase or by condemnation. Sections 8779, 8780, R. S. 1939, Mo. R. S. A., secs. 8779, 8780. See Reilly v. Sugar Creek Tp. of Harrison Co., 345 Mo. 1248, 139 S. W. 2d 525.

The provisional rule should be made absolute.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.