**STATE of Missouri ex rel. W. N. COFFMAN and Inez T. COFFMAN, Relators,**

v.

**Joe C. CRAIN, Judge of the 31st Judicial Circuit, Respondent.**

No. 7695.

Springfield Court of Appeals.

Missouri.

Jan. 16, 1958.

E. C. Lockwood, Mountain Grove, for relators.

Robert L. Hyder, Wilkie Cunnyngham, Jefferson City, for respondent.

STONE, Presiding Judge.

In this original proceeding in mandamus, W. N. Coffman and Inez T. Coffman (hereinafter called relators) seek our mandate to require Honorable Joe C. Crain, Judge of the 31st Judicial Circuit (hereinafter called respondent), (a) to vacate the judgment of condemnation heretofore entered by him in a certain condemnation proceeding in the Circuit Court of Wright County, Missouri, styled State ex rel. State Highway Commission v. W. N. Coffman et al (hereinafter referred to as the condemnation proceeding), in which the State Highway Commission (hereinafter called the Commission) is condemning a right of way for a supplementary state highway across relators' lands in Wright County, and (b) thereafter to hear evidence on certain "issues" raised by instant relators' answer in the condemnation proceeding and to exercise respondent's "judicial discretion and prerogative to grant or refuse condemnation." After careful consideration of relators' petition for mandamus, we denied and dismissed it because the pleaded facts would not have permitted issuance of a peremptory writ of mandamus. In their motion to set aside our order of dismissal, relators argue that, when they tendered with their petition a letter from respondent to relators' counsel waiving issuance and service of our alternative writ of mandamus, we had no right to dismiss their petition, and that, since no return has been filed on behalf of respondent, the cause is for adjudication "upon the issues framed by the allegations of the petition." But, asserting that constitutional questions were raised by their petition, relators insist that our order of dismissal was coram non judice, and that we should set aside that order and transfer the proceeding to the Supreme Court of Missouri.

The short answer to relators' motion to set aside our order of dismissal is that Supreme Court Rule 1.25 states positively that "(m)otions for reconsideration of the court's action in refusing applications for original writs shall not be filed." However, relators' counsel has pressed his cause so earnestly that we are discussing, ex gratia, the merits of his motion to set aside and also the petition for mandamus. We address ourselves first to relators' contention that, because they tendered a letter from respondent in which he waived issuance and service of our alternative writ, we had no right to dismiss their petition. As relators emphasize, the petition stands as and for the alternative writ of mandamus, where respondent waives issuance of the alternative writ and pleads to the petition [State ex rel. Rumbold v. Gordon, 238 Mo. 168, 174, 142 S.W. 315, 316; State ex rel. School Dist. of Memphis v. Gordon, 223 Mo. 1, 10, 122 S.W. 1008, 1009(1); State ex rel. Black v. Renner, Mo.App., 138 S.W.2d 756, 757(1); State ex rel. Miller v. Smith, Mo.App., 120 S.W.2d 184]; but, as is suggested by the language in which this rule sometimes appears, waiver of issuance of the alternative writ and joinder upon relators' petition and respondent's pleading thereto must be "with the court's consent." State ex rel.

Consolidated School Dist. No. 9 of Bates County v. Lee, 303 Mo. 641, 643, 262 S.W. 344(1); State ex rel. Sharp v. Knight, 224 Mo.App. 761, 763, 26 S.W.2d 1011, 1013.

■ " 'The writ of mandamus being justly regarded as one of the highest writs known to our system of jurisprudence, it issues only where there is a clear and specific right to be enforced, or a duty which ought to be and can be performed, and where there is no other specific and adequate legal remedy. The right which it is sought to protect must therefore be clearly established, and the writ is never granted in doubtful cases.' " State ex rel. Howe v. Hughes, 343 Mo. 827, 841, 123 S. W.2d 105, 112–113; State ex rel. Crow v. Boonville R. Bridge Co., 206 Mo. 74, 134, 103 S.W. 1052, 1066. See also State ex rel. Horton v. Bourke, 344 Mo. 826, 832, 129 S.W.2d 866, 868–869(4, 5); State on inf. Barker ex rel. Kansas City v. Kansas City Gas Co., 254 Mo. 515, 532, 163 S.W. 854, 857(5). Our Supreme Court, en banc, has written plainly that "issuance of the alternative writ is always discretionary" [State ex rel. Phillip v. Public School Retirement System of City of St. Louis, 364 Mo. 395, 406, 262 S.W.2d 569, 574(4)] and, pointing out that "(c)ourts do not sit to do useless things," has said bluntly that "an alternative writ should never issue unless the petition for the writ states facts which, if true, would authorize the issuance of a peremptory writ." State ex rel. Tate v. Sevier, 334 Mo. 771, 776, 68 S.W.2d 50, 52(5). Consult also Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 208, 139 S.W.2d 935, 938, 129 A.L.R. 316. In the light of the foregoing, we decline to adopt instant relators' theory which, by the simple tender of a gracious letter from a cooperative circuit judge (who, as in most such cases, is not an adversary party in the ordinary sense of that term), would strip us of any right to determine whether the facts alleged in relators' petition would permit the extraordinary relief sought, would compel us to expand and balloon the petition (regardless of its sufficiency) into

a full-blown inquiry and proceeding, and would cast us in the role of impotent puppets in a comedy of "Much Ado About Nothing."

■ Adverting to relators' request for transfer of the instant proceeding to the Supreme Court, we adhere to the recently-expressed opinion that, since original remedial writs are issued by appellate courts in the exercise of *superintending* control over inferior courts, we have, under our present constitution [Sec. 4, Art. V, Mo.Const., 2 V.A.M.S.], concurrent jurisdiction with the Supreme Court of Missouri to issue such writs in appropriate instances within our territorial jurisdiction, even though constitutional questions (or other issues within the exclusive *appellate* jurisdiction of the Supreme Court) may be raised. State ex rel. City of Mansfield v. Crain, Mo.App., 301 S.W.2d 415, 417–418.

Turning to the petition for mandamus, the gravamen of relators' charge was that, although the record in the condemnation proceeding admittedly showed "evidence taken, trial by court," respondent actually declined to hear evidence on the "objections" to condemnation stated in relators' answer in the condemnation proceeding, which said "objections" were, in substance, that the proposed condemnation was "not necessary" and that the cost of construction and maintenance of the proposed supplementary state highway (with "the consequential damages to relators") "would be far in excess of the benefits to the public * * and would be a useless expense and a squandering of public funds." Further averring that the Commission is not invested "with judicial powers or the authority, ex parte and without notice or hearing, to condemn and take private property for public use" and that the courts may "exercise discretion in granting or refusing condemnation," relators asserted that they "were denied due process of law." Passing questions suggested by the record showing "evidence taken, trial by court," and assuming (solely for the purposes of

this discussion) that respondent did refuse to hear evidence on relators' "objections," we proceed to the merits of.relators' petition.

■ Although it may smack of pedagogy, we first reiterate certain time-honored and basic principles. The power of eminent domain is an inherent attribute of every sovereign government, not dependent upon constitutional grant [State ex rel. State Highway Commission v. Gordon, 327 Mo. 160, 162, 36 S.W.2d 105, 106(1); Southern Illinois & M. Bridge Co. v. Stone, 174 Mo. 1, 22, 73 S.W. 453, 456, 63 L.R.A. 301], and the right to exercise that power is exclusively a legislative function and prerogative, subject only to constitutional limitations. State ex rel. St. Louis Union Trust Co. v. Ferriss, Mo. (banc), 304 S.W. 2d 896, 898(2). Thus, the legislature may exercise the power of eminent domain or may authorize its exercise by others [Board of Regents v. Palmer, 356 Mo. 946, 951, 204 S.W.2d 291, 294; Chicago, B. & Q. R. Co. v. McCooey, 273 Mo. 29, 39, 200 S.W. 59, 61(2)], and the legislature has like authority and discretion to determine what, if any, regulations should be enacted to control exercise of such power when delegated. Phillips Pipe Line Co. v. Brandstetter, 241 Mo.App. 1138, 1149, 263 S.W.2d 880, 888 (11); 29 C.J.S. Eminent Domain § 89a, p. 881. The necessity, expediency and propriety of exercising the power of eminent domain are questions essentially legislative (or, as is sometimes said, political), and not judicial, in nature [State ex rel. Lane v. Pankey, 359 Mo. 118, 121, 221 S.W.2d 195, 196(3); City of Kirkwood v. Venable, 351 Mo. 460, 466, 173 S.W.2d 8, 11(4)]; and, a grant of the power by the General Assembly carries with it the right to determine those essentially legislative (or political) questions. Board of Regents v. Palmer, supra, 204 S.W.2d loc. cit. 294(10); American Telephone & Telegraph Co. v. St. Louis, I. M. & S. Ry. Co., 202 Mo. 656, 677, 101 S.W. 576, 582.

■ The General Assembly has, by statute [Section 227.120, RSMo 1949, V.A. M.S.], conferred the power of eminent domain upon the State Highway Commission; such grant has been recognized in Sec. 41, Art. 4, Mo.Const., 1 V.A.M.S. [State ex rel. State Highway Commission v. James, 356 Mo. 1161, 1165, 205 S.W.2d 534, 536]; and, it has been held specifically that the Commission may condemn under Section 227.120 for *supplementary* state highways. State ex rel. Nickerson v. Rose, 351 Mo. 1198, 1205, 175 S.W.2d 768, 773; State ex rel. State Highway Commission v. Huff, 330 Mo. 939, 942, 51 S.W.2d 40, 41(2). Of course, whether the *use*, for which the Commission condemns, is a public one always remains a judicial question. Sec. 28, Art. 1, Mo.Const. But, there is a clear distinction between *public use* and *public necessity* [In the Matter of Proceedings to Grade North Elmwood Ave. in Kansas City, North, Mo., 270 S.W.2d 863, 867–868(2), and cases there cited]; and, certainly the instant petition for mandamus suggests no issue as to *public use*, for the condemnation across relators' lands is for a public highway and thus obviously for a public use. State ex rel. State Highway Commission v. Curtis, 359 Mo. 402, 411, 222 S.W.2d 64, 69; In the Matter of Proceedings to Grade North Elmwood Ave. in Kansas City, North, supra, 270 S.W.2d loc. cit. 868.

■ The location, width and type of construction of the highway across relators' tract, and the extent of land needed for proper construction and maintenance of such highway, were matters resting within the sound discretion of the Commission [State ex rel. State Highway Commission v. Curtis, supra, 222 S.W.2d loc. cit. 68(6); State ex rel. State Highway. Commission v. Shultz, 241 Mo.App. 570, 578, 243 S.W.2d 808, 813—see also In re Armory Site in Kansas City, Mo., 282 S.W.2d 464, 468(4)]; and, absent any charge of fraud, bad faith or arbitrary, abuse of discretion, the Commission's decision upon those matters was not subject to judicial review. State ex rel. State Highway Commission v. Curtis, supra, 222

**456**

S.W.2d loc. cit. 69(14); City of St. Louis v. Senter Commission Co., 336 Mo. 1209, 1227, 84 S.W.2d 133, 141–142(13). In short, relators' petition for mandamus shows that respondent had no function other than the ascertainment of just compensation [State ex rel. State Highway Commission v. Day, 327 Mo. 122, 125, 35 S.W.2d 37, 38(2); State ex rel. City of St. Louis v. Oakley, 354 Mo. 124, 128, 188 S.W.2d 820, 821(3); Caruthersville School Dist. No. 18 v. Latshaw, 360 Mo. 1211, 1222, 233 S.W.2d 6, 11(11)], and that he should have excluded (as he did) evidence bearing upon the allegations of relators' answer in the condemnation proceeding, which challenged the necessity, expediency and propriety of the proposed taking. Bowman v. Kansas City, 361 Mo. 14, 20, 233 S.W.2d 26, 29(2); State ex rel. State Highway Commission v. Shultz, supra, 243 S.W.2d loc. cit. 813 (10); Phillips Pipe Line Co. v. Brandstetter, supra, 263 S.W.2d loc. cit. 887.

■ Relators' further complaint that, because the necessity, expediency and propriety of the condemnation were determined without notice or hearing, they have been deprived of their property without due process of law [Sec. 10, Art. 1, Mo.Const.; Amend. 14, Sec. 1, Const. of U. S.] is without merit. As we have pointed out, the necessity, expediency and propriety of the taking are legislative, not judicial, questions; and where, as here, there is no statutory or constitutional provision so requiring, notice and hearing as to those questions are not necessary to satisfy the due process provisions in the state and federal constitutions. Phillips Pipe Line Co. v. Brandstetter, supra, 263 S.W.2d loc. cit. 889(12, 13). Consult Joplin Consolidated Min. Co. v. City of Joplin, 124 Mo. 129, 138, 27 S.W. 406, 408(4). See also North Laramie Land Co. v. Hoffman, 268 U.S. 276, 284, 45 S.Ct. 491, 69 L.Ed. 953, 958, affirming 30 Wyo. 238, 219 P. 561; State of Georgia v. City of Chattanooga, 264 U.S. 472, 483, 44 S.Ct. 369, 68 L.Ed. 796, 800; Rindge Co. v. Los Angeles County, 262 U.S. 700, 709, 43 S.Ct. 689, 67 L.Ed. 1186,

1193, affirming 53 Cal.App. 166, 200 P. 27; Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135, 137; State of Missouri ex rel. and to Use of Camden County v. Union Electric Light & Power Co., D.C. W.D.Mo., 42 F.2d 692, 697(11, 12); People v. Adirondack Ry. Co., 160 N.Y. 225, 54 N.E. 689, 693, affirmed 176 U.S. 335, 349, 20 S.Ct. 460, 44 L.Ed. 492, 500; annotation, 1 L.Ed.2d loc. cit. 1636–1637.

Relators' petition for mandamus properly was denied and dismissed, and their motion to set aside such order of dismissal and to transfer the cause to the Supreme Court should be, and hereby is, overruled.

McDOWELL and RUARK, JJ., concur.