**SHERMAN TOWNSHIP, CASS COUNTY, Missouri, Respondent,**

v.

**L. J. FARR, Appellant.**

**No. 52177.**

Supreme Court of Missouri, Division No. 1.

Oct. 10, 1966.

Crouch, Crouch, Spangler & Douglas, Harrisonville, for respondent.

Don F. Whitcraft, Harrisonville, for appellant.

HOLMAN, Presiding Judge.

This action was instituted by Sherman Township, Cass County, Missouri, seeking a pro forma decree to the effect that a proposed $68,000 road bond issue is valid. See §§ 108.310 to 108.350, inclusive (all statutory references are to RSMo 1959, V.A.M.S.). L. J. Farr filed an intervening petition in which he sought a judgment to the effect that the bond issue was invalid because the funds were to be used, in part, for the purchase of road machinery and equipment, which purpose was alleged to be beyond the authority granted by statute. See §§ 233.450 to 233.470, inclusive. The trial court adjudged that "the $68,-000.00 Sherman Township Road Bonds be and the same are hereby declared valid bonds legally issued, and that all of the laws of the State of Missouri have been fully complied with, and that the same are issued for a lawful purpose authorized

by law, and that such bonds are valid and binding obligations upon said Sherman Township." Intervenor Farr has duly appealed. We have appellate jurisdiction because Sherman Township is an organized township of Cass County. Fleming v. Clark Township of Chariton County, Mo. Sup., 357 S.W.2d 940.

At the election held October 2, 1965, the bonds were approved by the voters by a vote of 82 to 25, which was more than the required two-thirds majority. As stated in the judgment of the trial court, all procedural steps required by the foregoing statutory provisions have been complied with and we see no reason for detailing such herein. On November 22, 1965, E. F. Hutton & Company was found to be the highest and best bidder for said bonds and was declared to be the purchaser thereof. On December 13, 1965, the State Auditor signed a certificate which appears on each bond and which reads as follows: "I, Haskell Holman, State Auditor of Missouri, do hereby certify that all the conditions of the laws of the State of Missouri have been complied with in the issuance of the within bond, and that all the conditions of the contract under which it was ordered to be issued have been complied with, the evidence of which is on file in my office; and I further certify that this bond has been duly registered in my office in compliance with the laws of the State of Missouri."

It is provided in § 233.465 that the proceeds received from the sale of the bonds shall be disbursed "in payment of the cost of holding said election and in paying the cost of constructing or improving roads in such districts or townships, including bridges and culverts." The order of the county court calling the bond election, and the published election notice each provided: " * * * the proceeds of said bonds to be used for the purpose of paying the cost of purchasing necessary equipment, and the cost of constructing and improving the public roads of such Township, including bridges and culverts, the proceeds

of such bonds to be first used in the purchase of such equipment, and then for the construction and improvement of all mail route roads in said Township, including rocking any of said mail route roads not heretofore rocked, and constructing or improving any bridges or culverts thereon, and the remaining proceeds of said bonds to be used for improving the other roads of such Township."

The sole question presented upon this appeal is whether the proposed bonds are invalid because the declared purpose of the bond issue included the expenditure of a part of the funds for the purchase of the necessary equipment for use in constructing and improving the roads of the township.

William Ryberg testified that he is President of the Board of Trustees of Sherman Township; that the township owns one eleven-year-old motor grader which is "about worn out"; that the Board has decided to use funds from the bond issue to purchase a new motor grader at a cost of $14,500 and that the remaining $53,500 would be used for labor and material; that it would cost $900 a month to rent such a grader. Mr. Ryberg further testified that there were about 60 miles of roads in the township and that it is anticipated that two years will be required to complete the improvement program and that the $68,-000 would not go far if the township were required to let contracts for the construction and improvement project.

■■ There is no provision in § 233.-450 et seq. which specifies how the road work shall be accomplished. It appears clear from § 231.150 et seq. that a township such as the one here involved has the authority to own equipment and employ workmen and to use same in maintaining and improving the roads of the township. Since § 233.450 et seq. contain no provision prohibiting the township from using the proceeds of the bonds in constructing and improving the roads by the use of its own

employees and equipment we think it is reasonable to infer that it has the authority to do the work in that manner. In other words, since the method of carrying out the improvement project was not specified in the statutes, we think it was the intent of the legislature to give the township the discretionary authority to accomplish it either by use of its own equipment and employees or by letting one or more contracts for the work.

■ As indicated, we hold that the township may use the bond proceeds in employing the labor and purchasing the materials to accomplish the improvement project. It is shown by the evidence that it is also necessary to use a motor grader in doing that work and that the one now owned by the township is worn out and unfit for that purpose. The only question remaining for our decision is whether the grader must be rented or whether the township has legal authority to use a portion of the bond money to purchase one.

In State ex rel. Wahl v. Speer, 284 Mo. 45, 223 S.W. 655, 660, it is stated that "[t]he rule for interpreting statutes, that a power given carries with it, incidentally or by implication, powers not expressed, but necessary to render effective the one that is expressed, would require the construction that authority to incur a debt for the erection of a public building impliedly embraces authority to buy a site for it; and this for the plain reason that without a site the building cannot be erected." To like effect is Reilly v. Sugar Creek Township of Harrison County, 345 Mo. 1248, 139 S.W.2d 525, 526, wherein it is said that "[a] grant of authority to a township to issue bonds for the purpose of raising funds to pay for the construction of roads, necessarily carries with it the authority to pay for rights-of-way upon which to build the roads. If such were not the case the authority to construct roads would be an empty and useless power." A similar ruling appears in State ex rel. Ferguson v. Donnell, 349 Mo. 975, 163 S.W.2d 940.

The evidence indicates that it would be possible (though more expensive) to rent a motor grader. However, if that were done the grader would have to be surrendered at the end of the rental period and the township might then be without equipment to perform the endless task of maintaining the roads. We see nothing in any of the statutes heretofore cited which indicates that the legislature intended to prohibit the township from using a part of the bond proceeds in purchasing the equipment needed to do the contemplated road work. The cases heretofore cited are not precisely applicable because it is not absolutely necessary to buy the grader in order to make the improvements. As stated, such could be accomplished by renting a grader or by letting a contract. However, since we have held that the township has the discretionary authority to do the work without letting a contract, and since there is no statutory provision prohibiting the use of bond funds for the purchase of the necessary equipment, we think that under the facts and circumstances here presented the authority to so purchase said equipment must be reasonably implied.

We accordingly rule that the township has the authority to use a portion of the bond proceeds to purchase the necessary equipment in order to accomplish the road improvements and that the bonds are not invalid because the order calling the election and the election notice each stated (which is admittedly the intent of the Board of Trustees) that the proceeds of the bond issue would be used, in part, for the purchase of that equipment. Stated affirmatively, we rule that the bonds in question were legally issued, and, when delivered, will become valid and binding obligations of Sherman Township.

The township has also briefed the contention that "the registration of such bonds by the State Auditor constitutes a valid defense to an attack on the validity of such bonds as to the issues presented in this cause." In view of the foregoing ruling we need not decide that point.

The judgment is affirmed.

All concur.